FERRO LABELLA & ZUCKER L.L.C.
The Landmark Building
27 Warren Street
Hackensack, New Jersey 07601
(201) 489-9110
Attorneys for Defendants
New York Motors Corporation and
Alexander L. Varshavsky

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENOVA INDUSTRIES LTD., a Bahamas corporation, | DOCUMENT ELECTRONICALLY FILED |
| Plaintiff, | Civil Action No.: 2:13-cv-03424-KM-MAH |
| v. | |
| NEW YORK MOTORS CORPORATION, a corporation registered in New Jersey, and ALEXANDER L. VARSHAVSKY, an individual, | ANSWER AND AFFIRMATIVE DEFENSES |
| Defendants. | |

Defendants New York Motors Corp. and Alexander L. Varshavsky, by way of Answer to Plaintiff Renova Industries Ltd.'s Complaint, say as follows:

IDENTIFICATION OF THE PARTIES
(L.Civ. R. 10.1)

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.    Defendants admit that New York Motors Corp. is a New Jersey corporation and deny the balance of the allegations contained in paragraph 2 of the Complaint.

3.    Defendants admit that Alexander L. Varshavsky is the Chief Executive Officer and a shareholder of New York Motors Corp. Defendants and admit that Mr. Varshavsky has a residence at 3 Round Hill Road in Holmdel, New Jersey. Defendants deny the balance of the allegations contained in paragraph 3 of the Complaint.

## NATURE OF THE ACTION

4.    Defendants deny the allegations contained in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.    The allegations contained in paragraph 5 of the Complaint state legal conclusions and no response is required. To the extent that a response is required, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.    Defendants deny the allegations contained in paragraph 7 of the Complaint.

## FACTS

8.   Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.   Defendants deny the allegations contained in paragraph 9 of the Complaint.

10.   Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.   Defendants deny the allegations contained in paragraph 11 of the Complaint and refer the Court to the September 5, 2011 Shares Sale and Purchase Agreement for its contents.

12.   Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.   Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.   Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.   Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.   Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.   Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.   Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.   Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.   Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.   Defendants admit they refused to pay interest to Plaintiff and deny the balance of the allegations contained in paragraph 21 of the Complaint.

22.   Defendants deny the allegations contained in paragraph 22 of the Complaint other than to admit that the Defendants did not enter into an "Amended Agreement" as defined in the Complaint.

23.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 23 of the Complaint. Defendants deny the allegations contained in the second sentence of paragraph 23 of the Complaint and refer the Court to the June 20, 2012 Shares Sale and Purchase Agreement for its content. Defendants deny the allegations contained in the third sentence of paragraph 23 of the Complaint.

24.   Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.   Defendants admit that they have not paid interest to Plaintiff and have no contractual or legal obligation to do so.

4

Defendants deny the balance of the allegations contained in paragraph 25 of the Complaint.

## FIRST CLAIM FOR RELIEF
### Breach of Contract Re: Oral Agreement
### (Against All Defendants)

26.  Defendants repeat and reallege all of their responses to the allegations contained in paragraphs 1 - 25 of the Complaint set forth above as if fully set forth at length herein.

27.  Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.  Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.  Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.  Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.  Defendants deny the allegations contained in paragraph 31 of the Complaint.

## SECOND CLAIM FOR RELIEF
### Breach of the Implied Covenant of Good Faith and Fair
### Dealing Re: Oral Agreement
### (Against All Defendants)

32.  Defendants repeat and reallege all of their responses to the allegations contained in paragraphs 1 - 31 of the

Complaint set forth above as if fully set forth at length herein.

33.  Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.  Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.  Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.  Defendants deny the allegations contained in paragraph 36 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**Breach of Contract Re: Amended Agreement**
**(Against All Defendants)**

37.  Defendants repeat and reallege all of their responses to the allegations contained in paragraphs 1 – 36 of the Complaint set forth above as if fully set forth at length herein.

38.  Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.  Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.  Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.  Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.   Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.   Defendants deny the allegations contained in paragraph 43 of the Complaint.

<u>FOURTH CLAIM FOR RELIEF</u>
**Breach of the Implied Covenant of Good Faith and Fair Dealing Re: Amended Agreement
(Against All Defendants)**

44.   Defendants repeat and reallege all of their responses to the allegations contained in paragraphs 1 - 43 of the Complaint set forth above as if fully set forth at length herein.

45.   Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.   Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.   Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.   Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.   Defendants deny the allegations contained in paragraph 49 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### Quantum Meruit
### (Against All Defendants)

50.   Defendants repeat and reallege all of their responses to the allegations contained in paragraphs 1 – 49 of the Complaint set forth above as if fully set forth at length herein.

51.   Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.   Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.   Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.   Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.   Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.   Defendants deny the allegations contained in paragraph 56 of the Complaint.

## SIXTH CLAIM FOR RELIEF
### Unjust Enrichment
### (Against All Defendants)

57.   Defendants repeat and reallege all of their responses to the allegations contained in paragraphs 1 – 56 of the Complaint set forth above as if fully set forth at length herein.

58.   Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.   Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.   Defendants deny the allegations contained in paragraph 60 of the Complaint.

### SEVENTH CLAIM FO RELIEF
#### Promissory Estoppel
#### (Against All Defendants)

61.   Defendants repeat and reallege all of their responses to the allegations contained in paragraphs 1 – 60 of the Complaint set forth above as if fully set forth at length herein.

62.   Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.   Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.   Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.   Defendants deny the allegations contained in paragraph 65 of the Complaint.

### EIGHTH CLAIM FOR RELIEF
#### Fraud
#### (Against All Defendants)

66.   Defendants repeat and reallege all of their responses to the allegations contained in paragraphs 1 – 65 of the

Complaint set forth above as if fully set forth at length herein.

67.  Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.  Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.  Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.  Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.  Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.  Defendants deny the allegations contained in paragraph 72 of the Complaint.

WHEREFORE, Defendants demand judgment in their favor, dismissing the Complaint and awarding them attorneys' fees, cost of suit and such other relief as the Court may deem just and equitable.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed based upon improper venue.

## THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed based upon the doctrine of forum non-conveniens.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts a claim for breach of contract, Plaintiff's claims are barred by Plaintiff's own breach of contract.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts a claim for breach of contract, Plaintiff's claims are barred by Plaintiff's breach of the covenant of good faith and fair dealing.

## SIXTH AFFIRMATIVE DEFENSE

Defendants fully performed their obligations, if any, to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not the party in interest for some or all of the claims asserted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by reason of Plaintiff's unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds.

## ELEVENTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff are the result of actions and/or omissions by Plaintiff and/or third-parties over which Defendants do not exercise control.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable statutes of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by applicable State and/or Federal statutes, caselaw, and regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unjust enrichment.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to include all necessary parties to resolve this dispute.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to their being a failure of consideration.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the parol evidence rule.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged claims are to be resolved through arbitration.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed against Defendant New York Motors Corp. due to insufficient service of process.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any additional defenses that may become apparent during the pendency of this proceeding.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

The subject of this matter is not the subject of any other legal action pending in any other Court or the subject of any pending arbitration or administrative proceeding.

Dated: August 1, 2013                    By:_____ /s/ Arthur Zucker
                                         Arthur P. Zucker, Esq.
                                         Ferro Labella & Zucker L.L.C.
                                         27 Warren Street
                                         Hackensack, New Jersey 07601
                                         (201)489-9110
                                         (201)489-5653 fax
                                         Email: azucker@ferrolabella.com