EXHIBIT A

[CIVIL PROCEDURE CODE OF THE RUSSIAN FEDERATION of April 15, 2013]

**Article 402. Application of judicial jurisdiction rules**

1. Unless otherwise established by the rules of this Chapter [44], jurisdiction of courts in the Russian Federation over matters involving foreign persons shall be determined according to the rules set forth in Chapter 3 of this Code.

2. Courts in the Russian Federation shall examine matters involving foreign persons if the defendant organization is located in the territory of the Russian Federation or if the defendant individual has a place of residence in the Russian Federation.

3. Courts in the Russian Federation may also examine matters involving foreign persons if:
   1) the governing body, branch, or permanent office of such foreign person is located in the territory of the Russian Federation;
   2) the defendant has property located in the territory of the Russian Federation;
   3) with respect to any matter related to collection of child support payments or to determination of paternity, the defendant has a place of residence in the Russian Federation;
   4) with respect to any matter related to compensation for harm caused by an injury or by any other damage to health or by the death of the breadwinner, such harm has been caused in the territory of the Russian Federation or the claimant has a place of residence in the Russian Federation;
   5) with respect to any matter related to compensation for harm done to property, any act or any other event that has caused the claim seeking compensation for such harm has taken place in the territory of the Russian Federation;
   6) the lawsuit arises from a contract whereby full or partial performance must take place or has taken place in the territory of the Russian Federation;
   7) the lawsuit arises from unjust enrichment that has taken place in the territory of the Russian Federation;
   8) with respect to any matter related to dissolution of marriage, the claimant has a place of residence in the Russian Federation or at least one of the spouses is a Russian citizen;
   9) with respect to any matter related to defending honor, dignity, or business reputation, the claimant has a place of residence in the Russian Federation.



**ГПК ГПК ГПК ГПК**

ГРАЖДАНСКИЙ
ПРОЦЕССУАЛЬНЫЙ
КОДЕКС
РОССИЙСКОЙ
ФЕДЕРАЦИИ

по состоянию
на 15 апреля 2013 г.

С учетом изменений, внесенных
Федеральным законом
от 4 марта 2013 г.
№ 20-ФЗ

КОДЕКС

права обладающих лиц в Российской Федерации для защиты своих юридических или необходимых прав, свобод и законных интересов.

2. Иностранные лица пользуются процессуальными правами и выполняют процессуальные обязанности наравне с российскими гражданами и организациями.

3. Производство по делам с участием иностранных лиц осуществляется в соответствии с настоящим Кодексом и иными федеральными законами.

4. Правительством Российской Федерации могут быть установлены ответные ограничения (реторсии) в отношении иностранных лиц тех государств, в судах которых допускаются такие же ограничения процессуальных прав российских граждан и организаций.

**Статья 399. Гражданская процессуальная правоспособность и дееспособность иностранных граждан, лиц без гражданства**

1. Гражданская процессуальная правоспособность и дееспособность иностранных граждан, лиц без гражданства определяются их личным законом.

2. Личным законом иностранного гражданина является право страны, гражданство которой гражданин имеет. В случае, если гражданин наряду с гражданством Российской Федерации имеет и иностранное гражданство, его личным законом считается российское право. При наличии у гражданина нескольких иностранных гражданств его личным законом считается право страны, в которой гражданин имеет место жительства.

3. В случае, если иностранный гражданин имеет место жительства в Российской Федерации, его личным законом считается российское право.

4. Личным законом лица без гражданства считается право страны, в которой это лицо имеет место жительства.

5. Лицо, не являющееся на основе личного закона процессуально дееспособным, может быть на территории Российской Федерации признано процессуально дееспособным, если оно в соответствии с российским правом обладает процессуальной дееспособностью.

**Статья 400. Процессуальная правоспособность иностранной организации и международной организации**

1. Личным законом иностранной организации считается право страны, в которой организация учреждена. На основе личного закона иностранной организации определяется ее процессуальная правоспособность.

2. Иностранная организация, не обладающая в соответствии с личным законом процессуальной правоспособностью, может быть на территории Российской Федерации признана правоспособной в соответствии с российским правом.

3. Процессуальная правоспособность международной организации устанавливается на основе международного договора, в соответствии с которым она создана, ее учредительных документов или соглашения с компетентным органом Российской Федерации.

**Статья 401. Иски к иностранным государствам и международным организациям. Дипломатический иммунитет**

1. Предъявление в суде в Российской Федерации иска к иностранному государству, привлечение иностранного государства к участию в деле в качестве ответчика или третьего лица, наложение ареста на имущество, принадлежащее иностранному государству и находящееся на территории Российской Федерации, и принятие по отношению к этому имуществу иных мер по обеспечению иска, обращение взыскания на это имущество в порядке исполнения решений суда допускаются только с согласия компетентных органов соответствующего государства, если иное не предусмотрено международным договором Российской Федерации или федеральным законом.

2. Международные организации подлежат юрисдикции судов в Российской Федерации по гражданским делам в пределах, определенных международными договорами Российской Федерации, федеральными законами.

3. Аккредитованные в Российской Федерации дипломатические представители иностранных государств, другие лица, указанные в международных договорах Российской Федерации или федеральных законах, подлежат юрисдикции судов в Российской Федерации по гражданским делам в пределах, определенных общепризнанными принципами и нормами международного права или международными договорами Российской Федерации.

**Глава 44. Подсудность дел с участием иностранных лиц судам в Российской Федерации**

**Статья 402. Применение правил подсудности**

1. В случае, если иное не установлено правилами настоящей главы, подсудность дел с участием иностранных лиц судам в Российской Федерации определяется по правилам главы 3 настоящего Кодекса.

2. Суды в Российской Федерации рассматривают дела с участием иностранных лиц, если организация-ответчик находится на территории Российской Федерации или гражданин-ответчик имеет место жительства в Российской Федерации.

3. Суды в Российской Федерации вправе также рассматривать дела с участием иностранных лиц в случае, если:

1) орган управления, филиал или представительство иностранного лица находится на территории Российской Федерации;

2) ответчик имеет имущество, находящееся на территории Российской Федерации;

3) по делу о взыскании алиментов и об установлении отцовства истец имеет место жительства в Российской Федерации;

4) по делу о возмещении вреда, причиненного увечьем, иным повреждением здоровья или смертью кормильца, вред причинен на территории Российской Федерации или истец имеет место жительства в Российской Федерации;

5) по делу о возмещении вреда, причиненного имуществу, действие или иное обстоятельство, послужившее основанием для предъявления требования о возмещении вреда, имело место на территории Российской Федерации;

6) иск вытекает из договора, по которому полное или частичное исполнение должно иметь место или имело место на территории Российской Федерации;

7) иск вытекает из неосновательного обогащения, имевшего место на территории Российской Федерации;

8) по делу о расторжении брака истец имеет место жительства в Российской Федерации или хотя бы один из супругов является российским гражданином;

9) по делу о защите чести, достоинства и деловой репутации истец имеет место жительства в Российской Федерации.

**Статья 403. Исключительная подсудность дел с участием иностранных лиц**

1. К исключительной подсудности судов в Российской Федерации относятся:

1) дела о праве на недвижимое имущество, находящееся на территории Российской Федерации;

2) дела по спорам, возникающим из договора перевозки, если перевозчики находятся на территории Российской Федерации;

3) дела о расторжении брака российских граждан с иностранными гражданами или лицами без гражданства, если оба супруга имеют место жительства в Российской Федерации;

4) дела, предусмотренные главами 23-26 настоящего Кодекса.

2. Суды в Российской Федерации рассматривают дела особого производства в случае, если:



*"We take the time to read between the lines"*

***CERTIFICATION OF ACCURACY:*** *We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation, to the best of the translator's ability, from the original Russian language consisting of:* ***The following documents set forth below*** *into the English language. TranZlations, Inc., also states that the translator Michael T. Ishenko (Certification #422400) is certified and proficient in Russian into English.*

### THE FOLLOWING ITEMS ARE INCLUDED IN THIS CERTIFICATION:

A.  RENOVA INDUSTRIES LTD. V. NY MOTORS CORP.- DECLARATION OF SVETLANA MALEYEVA – DATED SEPTEMBER 14, 2013

B.  CIVIL PROCEDURE CODE OF THE RUSSIAN FEDERATION OF APRIL 15, 2013
  - ✓ Article 22 Jurisdiction of courts over civil proceedings
  - ✓ Article 28. Filing a lawsuit at the defendant's place of residence or at the defendant's location
  - ✓ Article 402 – Application of judicial jurisdiction rules

C.  ARBITRAZH PROCEDURE CODE OF THE RUSSIAN FEDERATION OF JUNE 25, 2013
  - ✓ Article 27. Jurisdiction of Arbitrazh courts over matters
  - ✓ Article 28 Jurisdiction over economic disputes and other matters arising from civil relationship
  - ✓ Article 35. Bringing a lawsuit at the respondent's location of place of residence
  - ✓ Article 36 – Judicial Jurisdiction established at the election of the claimant
  - ✓ Article 247 – Competence of Arbitrazh courts in the Russian Federation over matters involving foreign persons.

D.  CIVIL CODE OF THE RUSSIAN FEDERATION
  - ✓ Article 15 – Compensation for losses
  - ✓ Article 309 General provisions
  - ✓ Article 310 Inadmissibility of unilateral nonperformance of obligations
  - ✓ Article 393.Debtor's duty to compensate for losses
  - ✓ Article 394 Losses and liquidated damages
  - ✓ Article 395 Liability for nonperformance of a pecuniary obligation
  - ✓ Article 1102 Duty to refund unjust enrichment assets
  - ✓ Article 1103 Correlation between the claims for refund of unjust enrichment assets and other claims for defense of civil rights
  - ✓ Article 1104 Refund of unjust enrichment assets in kind
  - ✓ Article 1105 Recovery of the cost of unjust enrichment
  - ✓ Article 1106 Effects of an unjust transfer of rights to another person
  - ✓ Article 1107 Recovery of lost income by the aggrieved party
  - ✓ Article 1108 Recovery of the costs of assets to be refunded
  - ✓ Article 1109 Nonrefundable unjust enrichment assets

Executed on: September 27, 2013

State of NEW JERSEY, County of Essex.
Sworn to and subscribed before me on this 27th day of September, 2013 by
Jose M. Albuquerque, Jr.

Meryl Kleinert.

Jose M. Albuquerque, Jr.
Notary Public
My commission expires: January 24, 2018

JOSE M. ALBUQUERQUE JR.
NOTARY PUBLIC OF NEW JERSEY
I.D. # 2429200
My Commission Expires 1/24/2018

EXHIBIT B

CIVIL CODE OF THE RUSSIAN FEDERATION

Article 20. Place of residence of a citizen

1. A place of residence means a place where a citizen resides permanently or predominantly.

2. A place of residence for minors under fourteen years of age or citizens under legal guardianship means the place of residence of their legal representatives, i.e., parents, adoptive parents, or legal guardians.

ГРАЖДАНСКИЙ КОДЕКС РФ

Статья 20. Место жительства гражданина

1. Местом жительства признается место, где гражданин постоянно или преимущественно проживает.

2. Местом жительства несовершеннолетних, не достигших четырнадцати лет, или граждан, находящихся под опекой, признается место жительства их законных представителей - родителей, усыновителей или опекунов.



*"We take the time to read between the lines"*

**CERTIFICATION OF ACCURACY**: *We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation, to the best of the translator's ability, from the original Russian language consisting of the following document below into the English language. TranZlations, Inc., also states that the translator Michael T. Ishenko (Certification #422400) is certified and proficient in Russian into English.*

The following items are included in this certification:

Article 20 of the Civil Code of the Russian Federation

**Executed November 12, 2013**

Jose M. Albuquerque, Jr.

State of **NEW JERSEY**, County of Essex.
Sworn to and subscribed before me on this **12 day of November, 2013** by
**Jose M. Albuquerque, Jr.**



Jose M. Albuquerque, Jr.
Notary Public

My commission expires: 07/19/2016



CHERYL E. MIHALIK
Notary Public   State of New Jersey
Commission # 2277244
My Comm. Expires July 19, 2016

TRANZLATIONS INC. / 734 VALLEY ROAD / SUITE 104 / MONTCLAIR, NJ 07043
EM: all@tranzlations.net / PH: 973.740.1151 / www.tranzlations.net
TOLL FREE: 1.877.663.1258

EXHIBIT C

# CIVIL CODE OF THE RUSSIAN FEDERATION

## Section I. GENERAL PROVISIONS

## Subsection 1. PRINCIPAL PROVISIONS

## Chapter 1. CIVIL LEGISLATION

Article 2. Relationships governed by civil legislation

1. Civil legislation defines the legal status of participants of civil transactions, the basis for the accrual of, and procedures for exercising ownership rights and other rights in things, rights in the results of intellectual activities and any equivalent means of individualization (intellectual rights), and governs contractual and other obligations and other property and personal, nonproperty relationships based on the equality, autonomy of the will, and property autonomy of their participants.

The participants of the relationships governed by civil legislation include both individuals and legal entities. The Russian Federation, the political subdivisions of the Russian Federation, and municipal entities may also participate in the relationships governed by civil legislation (Article 124).

Civil legislation governs the relationships among persons engaged in business activities or in any activities in which they may be involved provided that business activities are defined as independent activities performed at one's own risk and seeking to derive steady profits from the use of property, sale of goods, performance of work, or provision of services by persons registered in this capacity in the manner established by law.

The rules established by civil legislation shall apply to any relationships involving foreign citizens, stateless persons, or foreign legal entities, unless otherwise provided for by federal law.

2. Inalienable human rights and freedoms and other nonmaterial values shall be protected by civil legislation unless it follows otherwise from the substance of such nonmaterial values.

3. Civil legislation shall not apply to property relationships based on administrative or any other authority-based subordination of one party to another, including taxation and other financial or administrative relationships, unless otherwise provided for by law.

# ГРАЖДАНСКИЙ КОДЕКС РОССИЙСКОЙ ФЕДЕРАЦИИ

## Раздел I. ОБЩИЕ ПОЛОЖЕНИЯ

### Подраздел 1. ОСНОВНЫЕ ПОЛОЖЕНИЯ

#### Глава 1. ГРАЖДАНСКОЕ ЗАКОНОДАТЕЛЬСТВО

Статья 2. Отношения, регулируемые гражданским законодательством

1. Гражданское законодательство определяет правовое положение участников гражданского оборота, основания возникновения и порядок осуществления права собственности и других вещных прав, прав на результаты интеллектуальной деятельности и приравненные к ним средства индивидуализации (интеллектуальных прав), регулирует договорные и иные обязательства, а также другие имущественные и личные неимущественные отношения, основанные на равенстве, автономии воли и имущественной самостоятельности участников.

Участниками регулируемых гражданским законодательством отношений являются граждане и юридические лица. В регулируемых гражданским законодательством отношениях могут участвовать также Российская Федерация, субъекты Российской Федерации и муниципальные образования (статья 124).

Гражданское законодательство регулирует отношения между лицами, осуществляющими предпринимательскую деятельность, или с их участием, исходя из того, что предпринимательской является самостоятельная, осуществляемая на свой риск деятельность, направленная на систематическое получение прибыли от пользования имуществом, продажи товаров, выполнения работ или оказания услуг лицами, зарегистрированными в этом качестве в установленном законом порядке.

Правила, установленные гражданским законодательством, применяются к отношениям с участием иностранных граждан, лиц без гражданства и иностранных юридических лиц, если иное не предусмотрено федеральным законом.

2. Неотчуждаемые права и свободы человека и другие нематериальные блага защищаются гражданским законодательством, если иное не вытекает из существа этих нематериальных благ.

3. К имущественным отношениям, основанным на административном или ином властном подчинении одной стороны другой, в том числе к налоговым и другим финансовым и административным отношениям, гражданское законодательство не применяется, если иное не предусмотрено законодательством.



*"We take the time to read between the lines"*

**CERTIFICATION OF ACCURACY**: *We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation, to the best of the translator's ability, from the original Russian language consisting of the following document below into the English language. TranZlations, Inc., also states that the translator Michael T. Ishenko (Certification #422400) is certified and proficient in Russian into English.*

The following items are included in this certification:

Article 2 of the Civil Code of the Russian Federation

**Executed November 12, 2013**

Jose M. Albuquerque, Jr.

State of **NEW JERSEY**, County of Essex.
Sworn to and subscribed before me on this **12 day of November, 2013** by
**Jose M. Albuquerque, Jr.**

_____
Notary Public

My commission expires: _07/19/2016_

CHERYL E. MIHALIK
Notary Public   State of New Jersey
Commission # 2277244
My Comm. Expires July 19, 2016

TRANZLATIONS INC. / 734 VALLEY ROAD / SUITE 104 / MONTCLAIR, NJ 07043
EM: all@tranzlations.net / PH: 973.740.1151 / www.tranzlations.net
TOLL FREE: 1.877.663.1258

EXHIBIT D

## CONSTITUTIONAL COURT OF THE RUSSIAN FEDERATION

### DETERMINATION

#### No. 146–O of March 4, 2004

### DISMISSAL OF COMPLAINT FILED BY CITIZEN ZHULYETTA SEMYONOVNA ADAMYAN AGAINST THE VIOLATION OF HER CONSTITUTIONAL RIGHTS BY THE PROVISIONS OF THE FEDERAL LAWS "ON RETIREMENT PENSIONS IN THE RUSSIAN FEDERATION" AND "ON GOVERNMENT PENSIONS IN THE RUSSIAN FEDERATION"

The Constitutional Court of the Russian Federation comprised of V. D. Zorkin as Presiding Judge and M. V. Baglay, N. S. Bondar, G. A. Gadzhiyev, Yu. M. Danilov, L. M. Zharkova, G. A. Zhilin, S. M. Kazantsev, M. I. Kleandrov, A. L. Kononov, L. O. Krasavchikova, V. O. Luchin, Yu. D. Rudkin, N. V. Seleznyov, A. Ya. Sliva, V. G. Strekozov, O. S. Khokhryakova, B. S. Ebzeyev, and V. G. Yaroslavtsev as Judges,

having heard in a full-court session the opinion of Judge A. L. Kononov who has completed, in compliance with Article 41 of the Federal Constitutional Law "On the Constitutional Court of the Russian Federation," a preliminary examination of the complaint filed by citizen Zh. S. Adamyan,

has found as follows:

1. In 1990, citizen Zh. S. Adamyan was forced to leave the Azerbaijan Soviet Socialist Republic (city of Baku) and has resided in Moscow ever since in a temporary settlement residence offered to her as a refugee, while re-registering annually with the Migration Service authorities. Prior to 1997, in compliance with the Russian Federation Law "On Refugees," she received a survivorship pension for her children. In December 2001, Zh. S. Adamyan applied to the Solntsevo *Raion* [district] Social Protection Administration of the West Administrative District of the city of Moscow seeking an old-age pension, but her application was dismissed due to the fact that, under existing laws, pensions were granted to foreign citizens and stateless persons only if they resided permanently within the Russian Federation as confirmed by a proper residence permit. When Zh. S. Adamyan was issued her passport as a Russian Federation citizen in May 2003, she was granted an old-age retirement pension.

In her complaint filed with the Constitutional Court of the Russian Federation, Zh. S. Adamyan challenges the constitutionality of Article 3 (1) (3) of the December 15, 2001 Federal Law "On Government Pensions in the Russian Federation" and Article 3 (3) of the December 17, 2001 Federal Law "On Retirement Pensions in the Russian Federation" whereby foreign citizens and stateless persons residing permanently in the Russian Federation are entitled to retirement pension on an equal basis with Russian Federation citizens unless established otherwise by a federal law or an international treaty of the Russian Federation.

The applicant believes that the requirement arising from the provisions she challenges for registration at the place of residence as a formal confirmation of permanent residence within the Russian Federation disproportionately restricts her right to pension even though before she was granted her Russian citizenship she had stayed within the Russian Federation, lawfully and permanently, for an extended period of time (more than 12 years).

2. According to Article 62 (3) of the Constitution of the Russian Federation, foreign citizens and stateless persons shall exercise rights and duties in the Russian Federation on an equal basis with Russian Federation citizens unless established otherwise by a federal law or an international treaty of the Russian

Federation. It follows from this article, in conjunction with Article 17 (2) and other articles of the Constitution of the Russian Federation concerning human and civil rights and freedoms, that it deals with circumstances established only with respect to the rights and duties that are the rights and duties of a Russian Federation citizen only, i.e., the rights and duties that accrue and are exercised by virtue of a special association between the state and its citizens (February 17, 1998 Ruling of the Constitutional Court of the Russian Federation on constitutionality test of the provision of Article 31 (2) of the USSR Law "On the Legal Status of Foreign Citizens in the USSR").

Article 39 (1) of the Constitution of the Russian Federation guarantees social security to everyone for old age, illness, disability, survivors, childhood care and education, and other circumstances that may be established by law. Based on both the literal meaning of this rule and the meaning arising from its interrelation with other provisions of Chapter 2, "Human and Civil Rights and Freedoms," of the Constitution of the Russian Federation and the generally accepted principles and rules of international law, and also based on the stated position of the Constitutional Court of the Russian Federation, the right to social security shall be guaranteed to every person regardless of his or her nationality and, therefore, to foreign citizens and stateless persons on an equal basis with Russian Federation citizens on such terms and in such manner as may be required by federal law.

3.   According to Article 27 (1) of the Constitution of the Russian Federation, everyone lawfully within Russian Federation territory shall have the right to move freely and to choose his or her place of stay or residence. When interpreting this provision as it applies to the registration regulations, the Constitutional Court of the Russian Federation has stated repeatedly in its decisions that the right to choose a place of residence constitutes a part of the freedom of personal self-determination. The Constitution of the Russian Federation (Article 19 (1) and 19 (2)) guarantees equal human and civil rights and freedoms, regardless of the place of residence and, all the more so, regardless of the availability or unavailability of registration at the place of residence or stay which is just another method of recording, and neither its availability nor unavailability can serve as a basis for restricting, or a condition of exercising civil rights or freedoms. A person's place of residence may be established by court based on various legal facts that are not necessarily related to such person's registration with competent authorities (Ruling No. 14–P of November 24, 1995; Ruling No. 9–P of April 4, 1996; Ruling No. 2–P of January 15, 1998; Ruling No. 4–P of February 2, 1998; and Determination No. 199–O of October 5, 2000).

The provisions of the Federal Laws "On Retirement Pensions in the Russian Federation" and "On Government Pensions in the Russian Federation" challenged in the complaint filed by Zh. S. Adamyan set forth no direct indications of any interrelation between the accrual of any pension entitlements by foreign citizens or stateless persons and the availability or unavailability of registration at their place of residence and, as such, cannot be regarded as violating her constitutional rights. As for the fact that the applicant has resided permanently in the Russian Federation as a basis for granting her a pension, it follows from the legal positions of the Constitutional Court of the Russian Federation cited above that such fact may be established by court based on the continuity and duration of her stay within the Russian Federation and other circumstances of the matter at hand.

In view of the foregoing and pursuant to Article 43 (1) (2) and Article 79 (1) of the Federal Constitutional Law "On the Constitutional Court of the Russian Federation," the Constitutional Court of the Russian Federation

has determined as follows:

1.   That the complaint filed by citizen Zhulyetta Semyonovna Adamyan be dismissed as failing to meet the requirements of the Federal Constitutional Law "On the Constitutional Court of the Russian Federation" whereby a complaint may be deemed admissible.

2.   That the Determination of the Constitutional Court of the Russian Federation with respect to the complaint in question shall be final and subject to no appeal.

3.   That this Determination be published in the *Corpus of Legislation of the Russian Federation* and in the *Bulletin of the Constitutional Court of the Russian Federation.*

V. D. ZORKIN
Presiding Judge of the
Constitutional Court
of the Russian Federation

Yu. M. DANILOV
Judge Secretary of the
Constitutional Court
of the Russian Federation

КОНСТИТУЦИОННЫЙ СУД РОССИЙСКОЙ ФЕДЕРАЦИИ

ОПРЕДЕЛЕНИЕ
от 4 марта 2004 г. N 146-О

ОБ ОТКАЗЕ В ПРИНЯТИИ К РАССМОТРЕНИЮ ЖАЛОБЫ
ГРАЖДАНКИ АДАМЯН ЖУЛЬЕТТЫ СЕМЕНОВНЫ НА НАРУШЕНИЕ
ЕЕ КОНСТИТУЦИОННЫХ ПРАВ ПОЛОЖЕНИЯМИ ФЕДЕРАЛЬНЫХ
ЗАКОНОВ "О ТРУДОВЫХ ПЕНСИЯХ В РОССИЙСКОЙ ФЕДЕРАЦИИ"
И "О ГОСУДАРСТВЕННОМ ПЕНСИОННОМ ОБЕСПЕЧЕНИИ
В РОССИЙСКОЙ ФЕДЕРАЦИИ"

Конституционный Суд Российской Федерации в составе Председателя В.Д. Зорькина, судей М.В. Баглая, Н.С. Бондаря, Г.А. Гаджиева, Ю.М. Данилова, Л.М. Жарковой, Г.А. Жилина, С.М. Казанцева, М.И. Клеандрова, А.Л. Кононова, Л.О. Красавчиковой, В.О. Лучина, Ю.Д. Рудкина, Н.В. Селезнева, А.Я. Сливы, В.Г. Стрекозова, О.С. Хохряковой, Б.С. Эбзеева, В.Г. Ярославцева,

заслушав в пленарном заседании заключение судьи А.Л. Кононова, проводившего на основании статьи 41 Федерального конституционного закона "О Конституционном Суде Российской Федерации" предварительное изучение жалобы гражданки Ж.С. Адамян,

установил:

1. Гражданка Ж.С. Адамян в 1990 году вынужденно покинула Азербайджанскую ССР (город Баку) и с этого времени постоянно проживает в городе Москве в предоставленном ей как беженке жилье для временного поселения, ежегодно проходя переучет в органах миграционной службы. До 1997 года на основании Закона Российской Федерации "О беженцах" она получала пенсию на детей в связи с потерей кормильца. В декабре 2001 года Ж.С. Адамян обратилась в Управление социальной защиты населения района Солнцево Западного административного округа города Москвы за назначением пенсии по старости, в чем ей было отказано со ссылкой на то, что в силу действующего законодательства пенсионное обеспечение иностранным гражданам и лицам без гражданства предоставляется лишь при условии постоянного проживания на территории Российской Федерации, подтверждаемого наличием соответствующего разрешения - вида на жительство. Когда в мае 2003 года Ж.С. Адамян получила паспорт гражданки Российской Федерации, ей была назначена трудовая пенсия по старости.

В своей жалобе в Конституционный Суд Российской Федерации Ж.С. Адамян оспаривает конституционность абзаца третьего пункта 1 статьи 3 Федерального закона от 15 декабря 2001 года "О государственном пенсионном обеспечении в Российской Федерации" и части третьей статьи 3 Федерального закона от 17 декабря 2001 года "О трудовых пенсиях в Российской Федерации", согласно которым право на трудовую пенсию наравне с гражданами Российской Федерации, за исключением случаев, установленных федеральным законом или международным договором Российской Федерации, имеют иностранные граждане и лица без гражданства, постоянно проживающие в Российской Федерации.

По мнению заявительницы, вытекающим из оспариваемых положений требованием о наличии регистрации по месту жительства как формальном подтверждении факта постоянного проживания на территории Российской Федерации несоразмерно ограничивается ее право на пенсионное обеспечение, хотя до получения российского гражданства она длительное время (более 12 лет) безвыездно находилась на территории Российской Федерации на законных основаниях.

2. Согласно статье 62 (часть 3) Конституции Российской Федерации иностранные граждане и лица без гражданства пользуются в Российской Федерации правами и несут обязанности наравне с гражданами Российской Федерации, кроме случаев, установленных федеральным законом или международным договором Российской Федерации. Из данной

статьи во взаимосвязи со статьей 17 (часть 2) и другими статьями Конституции Российской Федерации, касающимися прав и свобод человека и гражданина, следует, что речь идет о случаях, устанавливаемых лишь применительно к таким правам и обязанностям, которые являются правами и обязанностями именно гражданина Российской Федерации, т.е. возникают и осуществляются в силу особой связи между государством и его гражданами (Постановление Конституционного Суда Российской Федерации от 17 февраля 1998 года по делу о проверке конституционности положения части второй статьи 31 Закона СССР "О правовом положении иностранных граждан в СССР").

Статья 39 (часть 1) Конституции Российской Федерации гарантирует каждому социальное обеспечение по возрасту, в случае болезни, инвалидности, потери кормильца, для воспитания детей и в иных случаях, установленных законом. Как по буквальному смыслу данной нормы, так и по смыслу, вытекающему из ее взаимосвязи с другими положениями главы 2 Конституции Российской Федерации "Права и свободы человека и гражданина", а также общепризнанными принципами и нормами международного права, и исходя из приведенной позиции Конституционного Суда Российской Федерации, право на социальное обеспечение гарантируется каждому человеку, вне зависимости от наличия у него гражданства какого-либо государства и, следовательно, иностранным гражданам и лицам без гражданства наравне с гражданами Российской Федерации на условиях и в порядке, предусмотренных федеральным законом.

3. Согласно статье 27 (часть 1) Конституции Российской Федерации каждый, кто законно находится на территории Российской Федерации, имеет право свободно передвигаться, выбирать место пребывания и жительства. Интерпретируя это положение применительно к правилам регистрационного учета, Конституционный Суд Российской Федерации в своих решениях неоднократно указывал, что право на выбор места жительства составляет часть свободы самоопределения личности; Конституция Российской Федерации (статья 19, части 1 и 2) гарантирует равенство прав и свобод человека и гражданина, в том числе независимо от места жительства, а тем более от наличия или отсутствия регистрации по месту жительства или пребывания, представляющей собой лишь способ учета, и ее наличие или отсутствие не могут служить основанием ограничения или условием реализации прав и свобод граждан; место жительства лица может быть установлено судом на основе различных юридических фактов, не обязательно связанных с регистрацией его компетентными органами (Постановления от 24 ноября 1995 года N 14-П, от 4 апреля 1996 года N 9-П, от 15 января 1998 года N 2-П, от 2 февраля 1998 года N 4-П, Определение от 5 октября 2000 года N 199-О).

Оспариваемые в жалобе Ж.С. Адамян положения Федеральных законов "О трудовых пенсиях в Российской Федерации" и "О государственном пенсионном обеспечении в Российской Федерации" не содержат прямых указаний на связь возникновения права на пенсионное обеспечение иностранных граждан и лиц без гражданства с наличием или отсутствием их регистрационного учета по месту жительства, а значит не могут рассматриваться как нарушающие ее конституционные права. Что касается факта постоянного проживания заявительницы в Российской Федерации как основания назначения ей пенсии, то, как вытекает из приведенных правовых позиций Конституционного Суда Российской Федерации, он может быть установлен судом исходя из непрерывности, длительности ее пребывания на территории Российской Федерации и других обстоятельств дела.

Исходя из изложенного и руководствуясь пунктом 2 части первой статьи 43 и частью первой статьи 79 Федерального конституционного закона "О Конституционном Суде Российской Федерации", Конституционный Суд Российской Федерации

определил:

1. Отказать в принятии к рассмотрению жалобы гражданки Адамян Жульетты Семеновны, поскольку она не отвечает требованиям Федерального конституционного закона "О Конституционном Суде Российской Федерации", в соответствии с которыми жалоба признается допустимой.

2. Определение Конституционного Суда Российской Федерации по данной жалобе окончательно и обжалованию не подлежит.

3. Настоящее Определение подлежит опубликованию в "Собрании законодательства Российской Федерации" и "Вестнике Конституционного Суда Российской Федерации".

Председатель
Конституционного Суда
Российской Федерации
В.Д.ЗОРЬКИН

Судья-секретарь
Конституционного Суда
Российской Федерации
Ю.М.ДАНИЛОВ



*"We take the time to read between the lines"*

**CERTIFICATION OF ACCURACY:** *We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation, to the best of the translator's ability, from the original Russian language consisting of the following document below into the English language. TranZlations, Inc., also states that the translator Michael T. Ishenko (Certification #422400) is certified and proficient in Russian into English.*

*The following items are included in this certification:*

Constitutional Court of the Russian Federation Determination No. 146-0 of March 4, 2004

**Executed November 12, 2013**

Jose M. Albuquerque, Jr.

State of **NEW JERSEY,** County of Essex.
Sworn to and subscribed before me on this **12 day of November, 2013** by
**Jose M. Albuquerque, Jr.**

Notary Public

My commission expires: 07|19| 2016

CHERYL E. MIHALIK
Notary Public  State of New Jersey
Commission # 2277244
My Comm. Expires July 19, 2016

TRANZLATIONS INC. / 734 VALLEY ROAD / SUITE 104 / MONTCLAIR, NJ 07043
EM: all@tranzlations.net / PH: 973.740.1151 / www.tranzlations.net
TOLL FREE: 1.877.663.1258

EXHIBIT E

## CONSTITUTIONAL COURT OF THE RUSSIAN FEDERATION

### In the Name of the Russian Federation

### RULING
### No. 11–P of June 2, 2011

**IN RE CONSTITUTIONALITY TEST OF ARTICLE 56 OF THE RUSSIAN FEDERATION LAW, "ON PENSIONS FOR INDIVIDUALS WHO HAVE SERVED IN THE MILITARY, INTERNAL AFFAIRS AGENCIES, STATE FIRE CONTROL SERVICE, NARCOTICS AND PSYCHOTROPIC SUBSTANCE CONTROL AGENCIES, OR CORRECTIONAL INSTITUTIONS AND AGENCIES, AND FOR THEIR FAMILIES," IN CONNECTION WITH A COMPLAINT FILED BY CITIZEN V. T. KAZANTSEV**

The Constitutional Court of the Russian Federation comprised of V. D. Zorkin as Presiding Judge and K. V. Aranovsky, A. I. Boytsov, N. S. Bondar, G. A. Gadzhiyev, Yu. M. Danilov, L. M. Zharkova, G. A. Zhilin, S. M. Kazantsev, M. I. Kleandrov, S. D. Knyazev, A. N. Kokotov, L. O. Krasavchikova, S. P. Mavrin, N. V. Melnikov, Yu. D. Rudkin, N. V. Seleznyov, O. S. Khokhryakova, and V. G. Yaroslavtsev as Judges,

with the participation of citizen V. T. Kazantsev; A. N. Kharitonov, Permanent Representative of the State Duma with the Constitutional Court of the Russian Federation; Ye. V. Vinogradova, Doctor of Legal Sciences, Representative of the Federation Council; and M. V. Krotov, Plenipotentiary Representative of the President of the Russian Federation with the Constitution of the Russian Federation,

in compliance with Article 125 (4) of the Constitution of the Russian Federation and Article 3 (1) (3), Article 3 (3), Article 3 (4), Article 21 (1), and Articles 36, 74, 86, 96, 97, and 99 of the Federal Constitutional Law "On the Constitutional Court of the Russian Federation,"

has examined in an open-court session a matter with respect to the constitutionality test of Article 56 of the Russian Federation Law "On Pensions for Individuals Who Have Served in the Military, Internal Affairs Agencies, State Fire Control Service, Narcotics and Psychotropic Substance Control Agencies, or Correctional Institutions and Agencies, and for Their Families."

The examination of the matter at hand was brought about by a complaint filed by citizen V. T. Kazantsev. The root cause for examining the matter at hand was a newly discovered uncertainty with respect to the consistency of the legal provisions challenged by the applicant with the Constitution of the Russian Federation.

Having heard a report by the Reporting Judge, S. P. Mavrin, the explanations offered by the representatives of the parties, and a report by T. V. Vasilyeva, a representative of the Prosecutor General of the Russian Federation invited to the court session, and having examined the documents and other evidence submitted, the Constitutional Court of the Russian Federation

has found as follows:

1. Article 56 of Russian Federation Law No. 4468–I of February 12, 1993, "On Pensions for Individuals Who Have Served in the Military, Internal Affairs Agencies, State Fire Control Service, Narcotics and Psychotropic Substance Control Agencies, or Correctional Institutions and Agencies, and for Their Families," defines the general procedure for payment of pensions provided under said Law.

Citizen V. T. Kazantsev, the applicant in the matter at hand, who is challenging the constitutionality of the Article in question, was not provided with any living quarters when he was discharged from military service in 1992 and lived at a residence hall in the city of Rostov-on-Don where he was registered temporarily. When his registration at the place of his stay expired, payments of his service retirement pension granted to him in compliance with the aforesaid Law were suspended by the Rostov Oblast [province] Military Commissariat [administrative agency] pending confirmation of his place of residence. By its decision of June 16, 2009, the Oktyabrsky *Raion* [district] Court of the city of Rostov-on-Don adjudged the acts of the Rostov Oblast Military Commissariat lawful and dismissed V. T. Kazantsev's claims for recovery of the emotional distress caused by nonpayment of his pension.

After his eviction from the living quarters which he occupied temporarily, V. T. Kazantsev moved to Moscow, where his pension file was forwarded too; however, no pension was paid to him due to the absence of any documents confirming his registration in Moscow. By dismissing V. T. Kazantsev's claims brought against the Government of the Russian Federation and the Moscow City Military Commissariat with respect to providing him with living quarters and paying him his pension, the Presnensky *Raion* [district] Court of the city of Moscow pointed out that resolution of matters related to providing Russian Federation citizens with living quarters did not fall within the scope of authority of the Russian Federation Government and that pensions were to be administered by military commissariats operating at the place of residence of individuals discharged from military service while the Moscow City Military Commissariat was not one of them in this particular case since the claimant had presented no evidence of his registration in Moscow (December 14, 2010 decision).

Citizen V. T. Kazantsev believes that his constitutional rights are violated by the provisions of Article 56 of the Russian Federation Law, "On Pensions for Individuals Who Have Served in the Military, Internal Affairs Agencies, State Fire Control Service, Narcotics and Psychotropic Substance Control Agencies, or Correctional Institutions and Agencies, and for Their Families," in that these provisions allow to terminate pension payments due to the fact that the pensioner is not registered at his place of residence or at his place of stay within Russian Federation territory as a result of failure on the part of the government to perform its public duty by providing him with living quarters and, for the same reason, to deny him a pension at a new place of residence or at a new place a stay if the pensioner moves to a new location. The applicant believes that such regulation contradicts the Constitution of the Russian Federation and its Articles 2, 19 (1), 19 (2), 39 (1), 39 (2), and 55 (3).

As follows from Articles 74, 96, and 97 of the Federal Constitutional Law "On the Constitutional Court of the Russian Federation," the Constitutional Court of the Russian Federation rules only on the subject-matter stated in a citizen's complaint against a violation of his constitutional right by a law and only to the extent that the challenged legal provisions are applied to the applicant's specific circumstances and touch upon his constitutional rights and freedoms. In doing so, the Constitutional Court of the Russian Federation weighs up both the literal meaning of such legal provisions and the meaning assigned to them by official or any other construction or by established practice in applying the law and takes into consideration their position in the system of legal acts.

Thus, the subject-matter under examination by the Constitutional Court of the Russian Federation with respect to the matter at hand is the interrelated provisions of Article 56 of the Russian Federation Law, "On Pensions for Individuals Who Have Served in the Military, Internal Affairs Agencies, State Fire Control Service, Narcotics and Psychotropic Substance Control Agencies, or Correctional Institutions and Agencies, and for Their Families," to the extent that they establish that pension payments to ex-servicemen are to be made at the place of their residence or at the place of their stay within the Russian

Federation territory, and the basis for the determination and confirmation thereof shall be provided only by registration documents issued in accordance with the established procedures by registration authorities.

2.   The Constitution of the Russian Federation guarantees social security to everyone for old age, illness, disability, survivors, childhood care and education, and other circumstances that may be established by law (Article 39 (1)), but it places the determination of the implementation mechanism for this constitutional right under the jurisdiction of the legislator (Article 39 (2)).

By exercising its appropriate discretionary powers and by codifying in the form of federal law the types of legal bases for granting pensions, for the amount of pensions, and for the procedures for their computation and payments, the federal legislator is entitled to determine both the general rules for granting pension and their specific features with respect to individual categories of citizens. At the same time, when implementing this legal regime, the federal legislator is bound by the exigencies of the Constitution of the Russian Federation which establishes, among other things, that all are equal before the law and before the court and that the government must guarantee equal rights and freedoms to everyone regardless of his or her place of residence (Article 19 (1) and (2)) and that human and civil rights and freedoms may only be restricted by federal law commensurate with constitutionally justifiable objectives (Article 55 (3)).

Pensions are granted and paid to individuals who have served in the military in conformity with the Russian Federation Law, "On Pensions for Individuals Who Have Served in the Military, Internal Affairs Agencies, State Fire Control Service, Narcotics and Psychotropic Substance Control Agencies, or Correctional Institutions and Agencies, and for Their Families," which sets forth legal bases both for granting pensions and for their general payment procedure.

In order to ensure that cash funds necessary for this purpose are paid in a timely manner and in full, a concrete and controlled mechanism for disbursement of budget funds is required which would take into consideration the specific regulation of pensions granted to proper categories of citizens in the process of payment of budget funds intended for this purpose (Determination No. 243–O–O of the Constitutional Court of the Russian Federation dated January 15, 2008). For this reason, the general procedure for payment of pensions in compliance with the aforesaid Law, established by its Article 56, calls for pension payments to be made at the pensioners' place of residence or place of stay within Russian Federation territory (Article 56 (1)) or, if a pensioner moves to another location, for pension payments and delivery to his or her new place of residence or place of stay within Russian Federation territory based on the relevant pension file and registration documents issued in accordance with the established procedure by registration authorities (Article 56 (7)).

3.   According to Article 27 (1) of the Constitution of the Russian Federation, everyone lawfully within Russian Federation territory has the right to move freely and choose his or her place of stay or place of residence. The freedom to choose one's residence is also proclaimed by the International Convent on Civil and Political Rights (Article 12) and by the Convention for the Protection of Human Rights and Fundamental Freedoms (Article 2, Protocol No. 4) which, by virtue of Article 15 (4) of the Constitution of the Russian Federation, constitute an integral part of the legal system of the Russian Federation.

For the purpose of creating the required environment for the citizens to exercise their rights and freedoms and to perform their duties to other citizens, the state, and the public, Russian Federation Law No. 5241–1 of June 25, 1993, "On the Right of Russian Federation Citizens to Liberty of Movement and Freedom to Choose Their Place of Stay and Residence within the Russian Federation," passed to enforce the aforesaid right, obligates Russian Federation citizens to register with registration authorities at the

place of their stay and at the place of their residence within the Russian Federation. The rules for registration and de-registration of Russian Federation citizens at the place of their stay and at the place of their residence within the Russian Federation were approved by Russian Federation Government Regulation No. 713 of July 17, 1995 passed in pursuance of the statutory provisions of the aforesaid Law.

At the same time, as the Constitutional Court of the Russian Federation has repeatedly pointed out, registration itself, or any absence thereof, gives rise to no rights or duties of a citizen and, according to Article 3 (2) of the Russian Federation Law, "On the Right of Russian Federation Citizens to Liberty of Movement and Freedom to Choose Their Place of Stay and Residence within the Russian Federation," cannot by itself serve as a basis for restricting, or a condition of exercising the rights and freedoms of citizens provided for by the Constitution of the Russian Federation, federal laws, or legislative acts of any political subdivisions of the Russian Federation. Registration of citizens, within the meaning of, and to the extent not contrary to the Constitution of the Russian Federation, is just a method of their recording within Russian Federation territory, provided for by federal law, and this method is of advisory nature and reflects the fact that a citizen is located at the place of his or her stay or the place of his or her residence, and a person's specific place of residence may be established by a court of general jurisdiction based on various legal facts that may not necessarily be related to his or her registration with competent authorities (Ruling No. 14–P of November 24, 1995; Ruling No. 9–P of April 4, 1996; Ruling No. 4–P of February 2, 1998; Determination No. 185–O of July 13, 2000; Determination No. 199–O of October 5, 2000; Determination No. 619–O–P of October 6, 2008, Determination No. 1309–O–O of October 13, 2009, etc.).

Consequently, failure of a Russian Federation citizen to comply with his or her duty to be registered with registration authorities at the place of his or her residence or at the place of his or her stay within Russian Federation territory cannot serve as a basis for restricting, or a condition of exercising of his or her constitutional right to social security, including in the process of payment of the pension that has already been granted to him or her.

4. Based on the literal meaning of the provisions of Article 56 of the Russian Federation Law "On Pensions for Individuals Who Have Served in the Military, Internal Affairs Agencies, State Fire Control Service, Narcotics and Psychotropic Substance Control Agencies, or Correctional Institutions and Agencies, and for Their Families," and based on the meaning attached thereto by the authorities in charge of pensions granted to individuals who have served in the military and by the courts of general jurisdiction (as confirmed by enabling decisions, including judicial decisions handed down with respect to citizen V. T. Kazantsev's case), payments of the pensions provided for by the aforesaid Law shall be allowed only if the pensioner has documentary evidence of his or her registration at the place of residence or at the place of stay issued by registration authorities in accordance with the established procedure and, as a result, no pension payments shall be made at the actual place of residence to individuals who have not been registered at the place of their residence or at the place of their stay within Russian Federation territory.

No other regulations with respect to pensions granted to individuals who have served in the military and are eligible for receiving pension payments in conformity with the aforesaid Law provide for the possibility of confirmation of their actual place of residence if they are not registered at the place of their residence or at the place of their stay within Russian Federation territory.

Such a possibility is provided for, however, with respect to recipients of retirement pensions or government-subsidized pensions: their actual place of residence, in the absence of a place of residence or a place of stay within Russian Federation territory confirmed by registration, shall be determined on the basis of a personal application (Section 15 (7) of the List of Documents Required for Establishing a

Retirement Pension or a Government Pension under Federal Laws "On Retirement Pensions in the Russian Federation" and "On Government Pensions in the Russian Federation" approved by Regulation No. 16/19pa of the Ministry of Labor and Social Development of the Russian Federation and the Pension Fund of the Russian Federation dated February 27, 2002; Section 6 (3) of the Rules for Applying for a Pension, Granting a Pension, Recalculating the Pension Amount, and Conversion from One Pension to Another under Federal Laws "On Retirement Pensions in the Russian Federation" and "On Government Pensions in the Russian Federation" approved by Regulation No. 17/19pa of the Ministry of Labor and Social Development of the Russian Federation and the Pension Fund of the Russian Federation dated February 27, 2002).

Consequently, with respect to pension payments to individuals not registered at the place of their residence or at the place of their stay within Russian Federation territory, pensioners who have served in the military and whose pensions have been grated in conformity with the Russian Federation Law "On Pensions for Individuals Who Have Served in the Military, Internal Affairs Agencies, State Fire Control Service, Narcotics and Psychotropic Substance Control Agencies, or Correctional Institutions and Agencies, and for Their Families" appear to be in a position of inequality in comparison to the recipients of retirement pensions or government-subsidized pensions under Federal Law No. 173–FZ of December 17, 2001, "On Retirement Pensions in the Russian Federation," and Federal Law No. 166–FZ of December 15, 2001, "On Government Pensions in the Russian Federation."

Nevertheless, all these pensioners fall within a single category of individuals eligible for a pension guaranteed by the state and no absence of registration at the place of residence or at the place of stay within Russian Federation territory can serve as a reason for introducing variable conditions of exercising their constitutional rights to social security — anything to the contrary would mean that an unjustified and unreasonable discriminatory pension payment procedure has been established with respect to such individuals.

Thus, the interrelated provisions of Article 56 of the Russian Federation Law "On Pensions for Individuals Who Have Served in the Military, Internal Affairs Agencies, State Fire Control Service, Narcotics and Psychotropic Substance Control Agencies, or Correctional Institutions and Agencies, and for Their Families," to the extent providing for pension payments to ex-servicemen eligible for them under the aforesaid Law to be made at the pensioner's place of residence or place of stay within Russian Federation territory (with registration documents issued by registration authorities in accordance with the established procedure to be recognized as the only basis for determining and confirming such place), restrict the right of said individuals to social security guaranteed to them by Article 39 (1) of the Constitution of the Russian Federation, in conflict with the equality principle codified by its Article 19 ((1) and (2)) and contrary to the provisions of its Article 55 (3) which permits restriction of human and civil rights and freedoms by federal law only consistent with constitutionally justifiable objectives.

In view of the foregoing and pursuant to Article 71 (2) and Articles 72, 74, 75, 79, 80, and 100 of the Federal Constitutional Law "On the Constitutional Court of the Russian Federation," the Constitutional Court of the Russian Federation

has ruled as follows:

1.   That the interrelated provisions of Article 56 of the Russian Federation Law, "On Pensions for Individuals Who Have Served in the Military, Internal Affairs Agencies, State Fire Control Service, Narcotics and Psychotropic Substance Control Agencies, or Correctional Institutions and Agencies, and for Their Families," be and hereby are held inconsistent with the Constitution of the Russian Federation

and its Articles 19 ((1) and (2)), 39 (1), and 55 (3) to the extent providing for pension payments to ex-servicemen eligible for them under the aforesaid Law to be made at the pensioner's place of residence or place of stay within Russian Federation territory, with documents confirming registration at the place of residence or at the place of stay and issued by registration authorities in accordance with the established procedure recognized as the basis for determining and confirming such place.

2.   That the federal legislator shall, in compliance with the Constitution of the Russian Federation and this Ruling, make such changes to the Russian Federation Law, "On Pensions for Individuals Who Have Served in the Military, Internal Affairs Agencies, State Fire Control Service, Narcotics and Psychotropic Substance Control Agencies, or Correctional Institutions and Agencies, and for Their Families," as may arise from holding the interrelated provisions of its Article 56 inconsistent with the Constitution of the Russian Federation.

Pending the implementation of the required changes to the Russian Federation Law, "On Pensions for Individuals Who Have Served in the Military, Internal Affairs Agencies, State Fire Control Service, Narcotics and Psychotropic Substance Control Agencies, or Correctional Institutions and Agencies, and for Their Families," payments of any pensions granted in conformity with said Law to individuals who have served in the military and who have not been registered at the place of their residence or at the place of their stay within Russian Federation territory shall be made at the place of their actual residence which shall be established on the basis of their personal application, as provided for recipients of retirement pensions and government-subsidized pensions.

3.   That any enabling decisions handed down with respect to citizen Valery Tarasovich Kazantsev on the basis of Article 56 of the Russian Federation Law, "On Pensions for Individuals Who Have Served in the Military, Internal Affairs Agencies, State Fire Control Service, Narcotics and Psychotropic Substance Control Agencies, or Correctional Institutions and Agencies, and for Their Families," be revised in accordance with the established procedure unless prevented by other obstacles.

4.   That this Ruling be final and subject to no appeal, become effective immediately upon its promulgation, operate directly, and require no confirmation by other authorities or officials.

5.   That this Ruling be published without delay in the *Rossiyskaya Gazeta* newspaper and in the *Corpus of Legislation of the Russian Federation* in accordance with Article 78 of the Federal Constitutional Law "On the Constitutional Court of the Russian Federation." This Ruling shall also be published in the *Bulletin of the Constitutional Court of the Russian Federation.*

Constitutional Court of
the Russian Federation

КОНСТИТУЦИОННЫЙ СУД РОССИЙСКОЙ ФЕДЕРАЦИИ

Именем Российской Федерации

ПОСТАНОВЛЕНИЕ
от 2 июня 2011 г. N 11-П

ПО ДЕЛУ О ПРОВЕРКЕ КОНСТИТУЦИОННОСТИ
СТАТЬИ 56 ЗАКОНА РОССИЙСКОЙ ФЕДЕРАЦИИ "О ПЕНСИОННОМ
ОБЕСПЕЧЕНИИ ЛИЦ, ПРОХОДИВШИХ ВОЕННУЮ СЛУЖБУ, СЛУЖБУ
В ОРГАНАХ ВНУТРЕННИХ ДЕЛ, ГОСУДАРСТВЕННОЙ ПРОТИВОПОЖАРНОЙ
СЛУЖБЕ, ОРГАНАХ ПО КОНТРОЛЮ ЗА ОБОРОТОМ НАРКОТИЧЕСКИХ
СРЕДСТВ И ПСИХОТРОПНЫХ ВЕЩЕСТВ, УЧРЕЖДЕНИЯХ И ОРГАНАХ
УГОЛОВНО-ИСПОЛНИТЕЛЬНОЙ СИСТЕМЫ, И ИХ СЕМЕЙ" В СВЯЗИ
С ЖАЛОБОЙ ГРАЖДАНИНА В.Т. КАЗАНЦЕВА

Конституционный Суд Российской Федерации в составе Председателя В.Д. Зорькина, судей К.В. Арановского, А.И. Бойцова, Н.С. Бондаря, Г.А. Гаджиева, Ю.М. Данилова, Л.М. Жарковой, Г.А. Жилина, С.М. Казанцева, М.И. Клеандрова, С.Д. Князева, А.Н. Кокотова, Л.О. Красавчиковой, С.П. Маврина, Н.В. Мельникова, Ю.Д. Рудкина, Н.В. Селезнева, О.С. Хохряковой, В.Г. Ярославцева,

с участием гражданина В.Т. Казанцева, постоянного представителя Государственной Думы в Конституционном Суде Российской Федерации А.Н. Харитонова, представителя Совета Федерации - доктора юридических наук Е.В. Виноградовой, полномочного представителя Президента Российской Федерации в Конституционном Суде Российской Федерации М.В. Кротова,

руководствуясь статьей 125 (часть 4) Конституции Российской Федерации, пунктом 3 части первой, частями третьей и четвертой статьи 3, частью первой статьи 21, статьями 36, 74, 86, 96, 97 и 99 Федерального конституционного закона "О Конституционном Суде Российской Федерации",

рассмотрел в открытом заседании дело о проверке конституционности статьи 56 Закона Российской Федерации "О пенсионном обеспечении лиц, проходивших военную службу, службу в органах внутренних дел, Государственной противопожарной службе, органах по контролю за оборотом наркотических средств и психотропных веществ, учреждениях и органах уголовно-исполнительной системы, и их семей".

Поводом к рассмотрению дела явилась жалоба гражданина В.Т. Казанцева. Основанием к рассмотрению дела явилась обнаружившаяся неопределенность в вопросе о том, соответствуют ли Конституции Российской Федерации оспариваемые заявителем законоположения.

Заслушав сообщение судьи-докладчика С.П. Маврина, объяснения представителей сторон, выступление приглашенного в заседание представителя от Генерального прокурора Российской Федерации - Т.А. Васильевой, исследовав представленные документы и иные материалы, Конституционный Суд Российской Федерации

установил:

1. Статья 56 Закона Российской Федерации от 12 февраля 1993 года N 4468-1 "О пенсионном обеспечении лиц, проходивших военную службу, службу в органах внутренних дел, Государственной противопожарной службе, органах по контролю за оборотом наркотических средств и психотропных веществ, учреждениях и органах уголовно-исполнительной системы, и их семей" определяет общий порядок выплаты пенсий, предусмотренных данным Законом.

Оспаривающий конституционность этой статьи заявитель по настоящему делу гражданин В.Т. Казанцев на момент увольнения с военной службы в 1992 году не был обеспечен жилым помещением и проживал в общежитии в городе Ростове-на-Дону, где и был зарегистрирован временно. По истечении срока регистрации по месту пребывания выплата назначенной ему в соответствии с названным Законом пенсии за выслугу лет была приостановлена Военным комиссариатом Ростовской области до подтверждения места жительства. Октябрьский районный суд города Ростова-на-Дону решением от 16 июня 2009 года признал действия Военного комиссариата Ростовской области правомерными и отказал В.Т. Казанцеву в удовлетворении исковых требований о компенсации морального вреда, причиненного невыплатой пенсии.

После выселения из временно занимаемого жилого помещения В.Т. Казанцев переехал в Москву, куда было направлено и его пенсионное дело, однако выплата пенсии ему не производилась по причине отсутствия документов, подтверждающих факт его регистрации в Москве. Оставляя без удовлетворения исковые требования В.Т. Казанцева к Правительству Российской Федерации и Военному комиссариату города Москвы о предоставлении жилья и выплате пенсии, Пресненский районный суд города Москвы указал, что решение вопросов, связанных с обеспечением граждан Российской Федерации жилыми помещениями, к компетенции Правительства Российской Федерации не относится, а пенсионное обеспечение осуществляется военными комиссариатами по месту жительства лиц, уволенных с военной службы, каковым Военный комиссариат города Москвы в данном случае не является, поскольку истцом не представлено доказательств, подтверждающих факт его регистрации в Москве (решение от 14 декабря 2010 года).

Нарушение положениями статьи 56 Закона Российской Федерации "О пенсионном обеспечении лиц, проходивших военную службу, службу в органах внутренних дел, Государственной противопожарной службе, органах по контролю за оборотом наркотических средств и психотропных веществ, учреждениях и органах уголовно-исполнительной системы, и их семей" своих конституционных прав гражданин В.Т. Казанцев усматривает в том, что они позволяют прекращать выплату пенсии в связи с отсутствием у пенсионера регистрации по месту жительства или месту пребывания в пределах территории Российской Федерации вследствие неисполнения государством своих публично-правовых обязательств по обеспечению его жилым помещением и по тому же основанию при переезде пенсионера - отказывать ему в выплате пенсии по новому месту жительства или месту пребывания. Такое регулирование, по мнению заявителя, противоречит Конституции Российской Федерации, ее статьям 2, 19 (части 1 и 2), 39 (части 1 и 2) и 55 (часть 3).

Как следует из статей 74, 96 и 97 Федерального конституционного закона "О Конституционном Суде Российской Федерации", Конституционный Суд Российской Федерации принимает постановление только по предмету, указанному в жалобе гражданина на нарушение его конституционных прав законом, и только в отношении той части оспариваемых законоположений, в какой они были применены в конкретном деле заявителя и затрагивают его конституционные права и свободы; при этом Конституционный Суд Российской Федерации оценивает как буквальный смысл этих законоположений, так и смысл, придаваемый им официальным и иным толкованием, а также сложившейся правоприменительной практикой, и учитывает их место в системе правовых актов.

Таким образом, предметом рассмотрения Конституционного Суда Российской Федерации по настоящему делу являются взаимосвязанные положения статьи 56 Закона Российской Федерации "О пенсионном обеспечении лиц, проходивших военную службу, службу в органах внутренних дел, Государственной противопожарной службе, органах по контролю за оборотом наркотических средств и психотропных веществ, учреждениях и органах уголовно-исполнительной системы, и их семей" в той части, в какой они устанавливают, что выплата пенсий бывшим военнослужащим производится по месту их жительства или по месту их пребывания в пределах территории Российской Федерации,

основанием для определения и подтверждения которого признаются только документы о регистрации, выданные в установленном порядке органами регистрационного учета.

2: Конституция Российской Федерации, гарантируя каждому социальное обеспечение по возрасту, в случае болезни, инвалидности, потери кормильца, для воспитания детей и в иных случаях, установленных законом (статья 39, часть 1), относит определение механизма реализации данного конституционного права к компетенции законодателя (статья 39, часть 2).

Федеральный законодатель, реализуя соответствующие дискреционные полномочия и закрепляя в федеральном законе виды и правовые основания назначения пенсий, их размеры, порядок исчисления и выплаты, вправе определять как общие правила пенсионного обеспечения, так и его особенности применительно к отдельным категориям граждан. Вместе с тем при осуществлении указанного правового регулирования он связан требованиями Конституции Российской Федерации, устанавливающей в том числе, что все равны перед законом и судом, а государство обязано гарантировать каждому равенство прав и свобод независимо от места жительства (статья 19, части 1 и 2) и что права и свободы человека и гражданина могут быть ограничены федеральным законом только соразмерно конституционно значимым целям (статья 55, часть 3).

Лицам, проходившим военную службу, пенсии назначаются и выплачиваются в соответствии с Законом Российской Федерации "О пенсионном обеспечении лиц, проходивших военную службу, службу в органах внутренних дел, Государственной противопожарной службе, органах по контролю за оборотом наркотических средств и психотропных веществ, учреждениях и органах уголовно-исполнительной системы, и их семей", который предусматривает правовые основания назначения пенсий, а также общий порядок их выплаты.

Обязательность своевременного и полного перечисления необходимых для этого денежных средств требует конкретного и контролируемого механизма расходования бюджетных средств, который учитывал бы специфику регулирования пенсионного обеспечения соответствующих категорий граждан в процессе перечисления бюджетных средств, предназначенных для этих целей (Определение Конституционного Суда Российской Федерации от 15 января 2008 года N 243-О-О). Исходя из этого общий порядок выплаты предусмотренных названным Законом пенсий, установленный его статьей 56, предполагает их выплату по месту жительства или месту пребывания пенсионеров в пределах территории Российской Федерации (часть первая), а при переезде пенсионера - выплату и доставку пенсии по его новому месту жительства или месту пребывания в пределах территории Российской Федерации на основании пенсионного дела и документов о регистрации, выданных в установленном порядке органами регистрационного учета (часть седьмая).

3. Согласно статье 27 (часть 1) Конституции Российской Федерации каждый, кто законно находится на территории Российской Федерации, имеет право свободно передвигаться, выбирать место пребывания и жительства. Свобода выбора места жительства провозглашена также Международным пактом о гражданских и политических правах (статья 12) и Конвенцией о защите прав человека и основных свобод (статья 2 Протокола N 4), которые в силу статьи 15 (часть 4) Конституции Российской Федерации являются составной частью правовой системы Российской Федерации.

Принятый для обеспечения осуществления данного права Закон Российской Федерации от 25 июня 1993 года N 5242-1 "О праве граждан Российской Федерации на свободу передвижения, выбор места пребывания и жительства в пределах Российской Федерации" в целях создания необходимых условий для реализации гражданами прав и свобод, а также исполнения ими обязанностей перед другими гражданами, государством и обществом возложил на граждан Российской Федерации обязанность регистрироваться по месту пребывания и месту жительства в пределах Российской Федерации в органах регистрационного учета. Правила регистрации и снятия граждан Российской Федерации с регистрационного учета по месту пребывания и по месту жительства в пределах Российской

Федерации утверждены Постановлением Правительства Российской Федерации от 17 июля 1995 года N 713, принятым во исполнение предписания названного Закона.

Вместе с тем, как неоднократно указывал Конституционный Суд Российской Федерации, факт регистрации или отсутствия таковой не порождает для гражданина каких-либо прав и обязанностей и, согласно части второй статьи 3 Закона Российской Федерации "О праве граждан Российской Федерации на свободу передвижения, выбор места пребывания и жительства в пределах Российской Федерации", не может сам по себе служить основанием ограничения или условием реализации прав и свобод граждан, предусмотренных Конституцией Российской Федерации, федеральными законами и законодательными актами субъектов Российской Федерации; регистрация граждан в том смысле, в каком это не противоречит Конституции Российской Федерации, является лишь предусмотренным федеральным законом способом их учета в пределах территории Российской Федерации, носящим уведомительный характер и отражающим факт нахождения гражданина по месту пребывания или жительства; при этом конкретное место жительства лица может быть установлено и судом общей юрисдикции на основе различных юридических фактов, не обязательно связанных с его регистрацией компетентными органами (Постановления от 24 ноября 1995 года N 14-П, от 4 апреля 1996 года N 9-П, от 2 февраля 1998 года N 4-П, определения от 13 июля 2000 года N 185-О, от 5 октября 2000 года N 199-О, от 6 октября 2008 года N 619-О-П, от 13 октября 2009 года N 1309-О-О и др.).

Соответственно, невыполнение гражданином Российской Федерации обязанности зарегистрироваться по месту жительства или месту пребывания в пределах территории Российской Федерации в органах регистрационного учета не может служить основанием ограничения или условием реализации его конституционного права на социальное обеспечение, в том числе в процессе выплаты уже назначенной ему пенсии.

4. По буквальному смыслу положений статьи 56 Закона Российской Федерации "О пенсионном обеспечении лиц, проходивших военную службу, службу в органах внутренних дел, Государственной противопожарной службе, органах по контролю за оборотом наркотических средств и психотропных веществ, учреждениях и органах уголовно-исполнительной системы, и их семей" и по смыслу, придаваемому им органами, осуществляющими пенсионное обеспечение лиц, проходивших военную службу, а также судами общей юрисдикции (что подтверждается и правоприменительными решениями, в том числе судебными, принятыми по делу гражданина В.Т. Казанцева), выплата предусмотренных данным Законом пенсий допускается лишь при наличии у пенсионера документов о регистрации по месту жительства или месту пребывания, выданных в установленном порядке органами регистрационного учета, и, как следствие, исключается выплата пенсии по месту фактического проживания лицам, не имеющим регистрации по месту жительства или месту пребывания в пределах территории Российской Федерации.

Все другие нормативные правовые акты, действующие в сфере пенсионного обеспечения лиц, проходивших военную службу и имеющих право на получение пенсий в соответствии с названным Законом, также не предусматривают возможность подтверждения места их фактического проживания при отсутствии регистрации по месту жительства или месту пребывания в пределах территории Российской Федерации.

В то же время такая возможность предусмотрена для лиц, получающих трудовые пенсии и пенсии по государственному пенсионному обеспечению: место их фактического проживания при отсутствии подтвержденного регистрацией места жительства или места пребывания на территории Российской Федерации определяется на основании их личного заявления (абзац седьмой пункта 15 Перечня документов, необходимых для установления трудовой пенсии и пенсии по государственному пенсионному обеспечению в соответствии с Федеральными законами "О трудовых пенсиях в Российской Федерации" и "О государственном пенсионном обеспечении в Российской Федерации", утвержденного Постановлением Министерства труда и социального развития Российской Федерации и Пенсионного фонда Российской Федерации от 27 февраля 2002 года N 16/19па; абзац третий

пункта 6 Правил обращения за пенсией, назначения пенсии и перерасчета размера пенсии, перехода с одной пенсии на другую в соответствии с Федеральными законами "О трудовых пенсиях в Российской Федерации" и "О государственном пенсионном обеспечении в Российской Федерации", утвержденных Постановлением Министерства труда и социального развития Российской Федерации и Пенсионного фонда Российской Федерации от 27 февраля 2002 года N 17/19пб).

Следовательно, в отношениях по выплате пенсии лицам, не имеющим регистрации по месту жительства или месту пребывания в пределах территории Российской Федерации, пенсионеры из числа лиц, проходивших военную службу, пенсия которым назначена в соответствии с Законом Российской Федерации "О пенсионном обеспечении лиц, проходивших военную службу, службу в органах внутренних дел, Государственной противопожарной службе, органах по контролю за оборотом наркотических средств и психотропных веществ, учреждениях и органах уголовно-исполнительной системы, и их семей", оказываются в неравном положении по сравнению с лицами, получающими трудовые пенсии и пенсии по государственному пенсионному обеспечению в соответствии с Федеральными законами от 17 декабря 2001 года N 173-ФЗ "О трудовых пенсиях в Российской Федерации" и от 15 декабря 2001 года N 166-ФЗ "О государственном пенсионном обеспечении в Российской Федерации".

Между тем все эти пенсионеры относятся к одной категории - лиц, имеющих право на получение гарантированной государством пенсии, и отсутствие регистрации по месту жительства или месту пребывания в пределах территории Российской Федерации не может служить основанием введения различий в условиях реализации ими конституционного права на социальное обеспечение, - иное означает установление в отношении этих лиц необоснованной, не имеющей разумного оправдания дифференциации порядка выплаты пенсий.

Таким образом, взаимосвязанными положениями статьи 56 Закона Российской Федерации "О пенсионном обеспечении лиц, проходивших военную службу, службу в органах внутренних дел, Государственной противопожарной службе, органах по контролю за оборотом наркотических средств и психотропных веществ, учреждениях и органах уголовно-исполнительной системы, и их семей" - в части, предусматривающей, что выплата бывшим военнослужащим пенсий, на которые они имеют право в соответствии с данным Законом, производится по месту жительства или по месту пребывания пенсионера в пределах территории Российской Федерации, основанием для определения и подтверждения которого признаются только документы о регистрации, выданные в установленном порядке органами регистрационного учета, - ограничивается право указанных лиц на социальное обеспечение, гарантированное им статьей 39 (часть 1) Конституции Российской Федерации, в нарушение принципа равенства, закрепленного ее статьей 19 (части 1 и 2), и вопреки предписаниям ее статьи 55 (часть 3), допускающей ограничение федеральным законом прав и свобод человека и гражданина лишь в конституционно значимых целях.

Исходя из изложенного и руководствуясь частью второй статьи 71, статьями 72, 74, 75, 79, 80 и 100 Федерального конституционного закона "О Конституционном Суде Российской Федерации", Конституционный Суд Российской Федерации

постановил:

1. Признать взаимосвязанные положения статьи 56 Закона Российской Федерации "О пенсионном обеспечении лиц, проходивших военную службу, службу в органах внутренних дел, Государственной противопожарной службе, органах по контролю за оборотом наркотических средств и психотропных веществ, учреждениях и органах уголовно-исполнительной системы, и их семей" не соответствующими Конституции Российской Федерации, ее статьям 19 (части 1 и 2), 39 (часть 1) и 55 (часть 3), в той части, в какой они предусматривают выплату бывшим военнослужащим пенсий, на которые они имеют право в

соответствии с данным Законом, по месту жительства или по месту пребывания пенсионера в пределах территории Российской Федерации, основанием для определения и подтверждения которого признаются только документы о регистрации по месту жительства или месту пребывания, выданные в установленном порядке органами регистрационного учета.

2. Федеральному законодателю надлежит, руководствуясь Конституцией Российской Федерации и настоящим Постановлением, внести в Закон Российской Федерации "О пенсионном обеспечении лиц, проходивших военную службу, службу в органах внутренних дел, Государственной противопожарной службе, органах по контролю за оборотом наркотических средств и психотропных веществ, учреждениях и органах уголовно-исполнительной системы, и их семей" изменения, обусловленные признанием взаимосвязанных положений его статьи 56 не соответствующими Конституции Российской Федерации.

Впредь до внесения в Закон Российской Федерации "О пенсионном обеспечении лиц, проходивших военную службу, службу в органах внутренних дел, Государственной противопожарной службе, органах по контролю за оборотом наркотических средств и психотропных веществ, учреждениях и органах уголовно-исполнительной системы, и их семей" необходимых изменений выплата назначенных в соответствии с этим Законом пенсий лицам, проходившим военную службу и не имеющим регистрации по месту жительства или месту пребывания в пределах территории Российской Федерации, должна осуществляться по месту их фактического проживания, которое устанавливается на основании их личного заявления, как это предусмотрено для получателей трудовых пенсий и пенсий по государственному пенсионному обеспечению.

3. Правоприменительные решения, принятые в отношении гражданина Казанцева Валерия Тарасовича на основании статьи 56 Закона Российской Федерации "О пенсионном обеспечении лиц, проходивших военную службу, службу в органах внутренних дел, Государственной противопожарной службе, органах по контролю за оборотом наркотических средств и психотропных веществ, учреждениях и органах уголовно-исполнительной системы, и их семей", подлежат пересмотру в установленном порядке, если для этого нет иных препятствий.

4. Настоящее Постановление окончательно, не подлежит обжалованию, вступает в силу немедленно после провозглашения, действует непосредственно и не требует подтверждения другими органами и должностными лицами.

5. Согласно статье 78 Федерального конституционного закона "О Конституционном Суде Российской Федерации" настоящее Постановление подлежит незамедлительному опубликованию в "Российской газете" и "Собрании законодательства Российской Федерации". Постановление должно быть опубликовано также в "Вестнике Конституционного Суда Российской Федерации".

Конституционный Суд
Российской Федерации



*"We take the time to read between the lines"*

**CERTIFICATION OF ACCURACY:** We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation, to the best of the translator's ability, from the original Russian language consisting of the following document below into the English language. TranZlations, Inc., also states that the translator Michael T. Ishenko (Certification #422400) is certified and proficient in Russian into English.

The following items are included in this certification:

Constitutional Court of the Russian Federation In the Name of the Russian Federation Ruling No. 11-P of June 2, 2011.

**Executed November 12, 2013**

Jose M. Albuquerque, Jr.

State of **NEW JERSEY**, County of ~~Essex~~ Hudson.
Sworn to and subscribed before me on this **12 day of November, 2013** by
**Jose M. Albuquerque, Jr.**

_____ Notary Public

My commission expires: _____

RENZO SOSA
Notary Public
State of New Jersey
My Commission Expires Apr 19, 2014



TRANZLATIONS INC. / 734 VALLEY ROAD / SUITE 104 / MONTCLAIR, NJ 07043
EM: all@tranzlations.net / PH: 973.740.1151 / www.tranzlations.net
TOLL FREE: 1.877.663.1258

EXHIBIT  F

# TAX CODE OF THE RUSSIAN FEDERATION
## Chapter 23. INDIVIDUAL INCOME TAX

Article 207. Taxpayers

1. "Taxpayers of the individual income tax" (hereinafter referred to in this Chapter as "taxpayers") means individuals who are tax residents in the Russian Federation or individuals deriving income from sources in the Russian Federation other than tax residents in the Russian Federation.

2. "Tax residents" means individuals actually located in the Russian Federation for at least 183 calendar days during 12 consecutive months. The period of an individual's stay in the Russian Federation shall not be interrupted by any periods when such individual has traveled outside of the Russian Federation if the purpose of his or her travel was short-term (less than six months) medical treatment or training.

3. Regardless of the actual duration of their stay in the Russian Federation, Russian servicemen serving outside of the Russian Federation and government agency personnel or local government personnel assigned to travel on business shall be regarded as tax residents in the Russian Federation.

## НАЛОГОВЫЙ КОДЕКС РОССИЙСКОЙ ФЕДЕРАЦИИ
## Глава 23. НАЛОГ НА ДОХОДЫ ФИЗИЧЕСКИХ ЛИЦ

Статья 207. Налогоплательщики

1. Налогоплательщиками налога на доходы физических лиц (далее в настоящей главе - налогоплательщики) признаются физические лица, являющиеся налоговыми резидентами Российской Федерации, а также физические лица, получающие доходы от источников, в Российской Федерации, не являющиеся налоговыми резидентами Российской Федерации.

2. Налоговыми резидентами признаются физические лица, фактически находящиеся в Российской Федерации не менее 183 календарных дней в течение 12 следующих подряд месяцев. Период нахождения физического лица в Российской Федерации не прерывается на периоды его выезда за пределы Российской Федерации для краткосрочного (менее шести месяцев) лечения или обучения.

3. Независимо от фактического времени нахождения в Российской Федерации налоговыми резидентами Российской Федерации признаются российские военнослужащие, проходящие службу за границей, а также сотрудники органов государственной власти и органов местного самоуправления, командированные на работу.



*"We take the time to read between the lines"*

**CERTIFICATION OF ACCURACY**: *We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation, to the best of the translator's ability, from the original Russian language consisting of the following document below into the English language. TranZlations, Inc., also states that the translator Michael T. Ishenko (Certification #422400) is certified and proficient in Russian into English.*

*The following items are included in this certification:*

Tax Code of the Russian Federation Article 207

**Executed November 12, 2013**

Jose M. Albuquerque, Jr.

State of **NEW JERSEY**, County of Essex.
Sworn to and subscribed before me on this **12 day of November, 2013** by
**Jose M. Albuquerque, Jr.**

Notary Public

My commission expires: _07\19\2016_

NOTARY PUBLIC
CHERYL E. MIHALIK
Notary Public  State of New Jersey
Commission # 2277244
My Comm. Expires July 19, 2016

TRANZLATIONS INC. / 734 VALLEY ROAD / SUITE 104 / MONTCLAIR, NJ 07043
EM: all@tranzlations.net / PH: 973.740.1151 / www.tranzlations.net
TOLL FREE: 1.877.663.1258

EXHIBIT G

**CIVIL CODE OF THE RUSSIAN FEDERATION**

**Chapter 10. AGENCY AND POWER OF ATTORNEY**

Article 182. Agency

1. Any transaction executed by one person (the agent) on behalf of another person (the principal) by virtue of an authority based on a power of attorney, prescription of the law, or an act of a duly authorized government body or local government shall create, modify, or terminate directly the civil rights and duties of the principal.

The authority may also follow from the environment in which the agent operates (a salesman in retail trade, a cashier, etc.).

2. Persons acting in the interests other persons, but on their own behalf (business intermediaries, bankruptcy trustees, executors, etc.), or persons authorized to enter into negotiations with respect to potential future transactions shall not act as agents.

3. No agent may execute transactions on behalf of the principal in the agent's personal interests or execute such transactions in the interests of another person if he acts as such person's agent at the same time, with the exception of business agency.

4. No transaction which, by its nature, can only be executed personally, nor any other transaction stipulated by law shall be allowed to be executed through an agent.

Article 185. Power of attorney

1. A power of attorney means a written authorization granted by one person to another person for the purpose of acting on his or her behalf as an agent before third persons. A written authorization for a transaction to executed by an agent may be granted by the principal directly to the appropriate third person.

2. A power of attorney for executing transactions that require a notarial form shall be notarized except as provided by law.

3. The following shall be equivalent to notarized powers of attorney:

1) powers of attorney granted by servicemen and other persons undergoing treatment in hospitals, rehabilitation centers, and other military medical treatment facilities and certified by such facility's director or deputy director, senior medical officer, or medical officer of the day;

2) powers of attorney granted by servicemen or, at the locations where military units or formations, military facilities, or military schools are based and no notarial offices or any other offices offering notary services are available, powers of attorney granted by workers or employees, their family members, or servicemen's family members and certified by the commanding officer (director) of such unit, formation, facility, or school;

3) powers of attorney granted by imprisoned individuals and certified by the prison warden;

4) powers of attorney granted by legally capable individuals of the full legal age institutionalized in a social welfare institution and certified by the administration of such institution or by the director (deputy director) of the appropriate social welfare agency.

4. A power of attorney authorizing the receipt of wages or any other employment-related payments, the receipt of author or inventor fees, pensions, benefits and awards, individual bank deposits, and the receipt of correspondence, including cash and packages, may also be certified by the organization in which the grantor or the power of attorney works or studies, by the local

housing management division at the place of the grantor's residence, or by the administration of the inpatient treatment facility in which the grantor is hospitalized for medical treatment.

A power of attorney authorizing the receipt of an individual's bank deposit, any cash funds from such individual's bank account, or any correspondence addressed to such individual at a post office or at a communication provider's office, or authorizing the execution, on such individual's behalf, of any other transactions referred to in paragraph one of this Section 4, may be certified by the appropriate bank, post office, or communication provider. Such power of attorney shall be certified free of charge.

5. A power of attorney granted on behalf of a legal entity shall carry the signature of such entity's principal or any other person authorized to perform such acts by the entity's constituent documents and the entity's official seal shall be affixed to such power of attorney.

A power of attorney granted on behalf of a legal entity based on government or municipal ownership and authorizing the receipt of cash or other material assets shall also carry the signature of the chief accounting officer or a senior accountant of such entity.

### Глава 10. ПРЕДСТАВИТЕЛЬСТВО. ДОВЕРЕННОСТЬ

Статья 182. Представительство

1. Сделка, совершенная одним лицом (представителем) от имени другого лица (представляемого) в силу полномочия, основанного на доверенности, указании закона либо акте уполномоченного на то государственного органа или органа местного самоуправления, непосредственно создает, изменяет и прекращает гражданские права и обязанности представляемого.

Полномочие может также явствовать из обстановки, в которой действует представитель (продавец в розничной торговле, кассир и т.п.).

2. Не являются представителями лица, действующие хотя и в чужих интересах, но от собственного имени (коммерческие посредники, конкурсные управляющие при банкротстве, душеприказчики при наследовании и т.п.), а также лица, уполномоченные на вступление в переговоры относительно возможных в будущем сделок.

3. Представитель не может совершать сделки от имени представляемого в отношении себя лично. Он не может также совершать такие сделки в отношении другого лица, представителем которого он одновременно является, за исключением случаев коммерческого представительства.

4. Не допускается совершение через представителя сделки, которая по своему характеру может быть совершена только лично, а равно других сделок, указанных в законе.

Статья 185. Доверенность

1. Доверенностью признается письменное уполномочие, выдаваемое одним лицом другому лицу для представительства перед третьими лицами. Письменное уполномочие на совершение сделки представителем может быть представлено представляемым непосредственно соответствующему третьему лицу.

2. Доверенность на совершение сделок, требующих нотариальной формы, должна быть нотариально удостоверена, за исключением случаев, предусмотренных законом.

3. К нотариально удостоверенным доверенностям приравниваются:

1) доверенности военнослужащих и других лиц, находящихся на излечении в госпиталях, санаториях и других военно-лечебных учреждениях, удостоверенные начальником такого учреждения, его заместителем по медицинской части, старшим или дежурным врачом;

2) доверенности военнослужащих, а в пунктах дислокации воинских частей, соединений, учреждений и военно-учебных заведений, где нет нотариальных контор и других органов, совершающих нотариальные действия, также доверенности рабочих и служащих, членов их семей и членов семей военнослужащих, удостоверенные командиром (начальником) этих части, соединения, учреждения или заведения;

3) доверенности лиц, находящихся в местах лишения свободы, удостоверенные начальником соответствующего места лишения свободы;

4) доверенности совершеннолетних дееспособных граждан, находящихся в учреждениях социальной защиты населения, удостоверенные администрацией этого учреждения или руководителем (его заместителем) соответствующего органа социальной защиты населения.

4. Доверенность на получение заработной платы и иных платежей, связанных с трудовыми отношениями, на получение вознаграждения авторов и изобретателей, пенсий, пособий и стипендий, вкладов граждан в банках и на получение корреспонденции, в том числе денежной и посылочной, может быть удостоверена также организацией, в которой доверитель работает или учится, жилищно-эксплуатационной организацией по месту его жительства и администрацией стационарного лечебного учреждения, в котором он находится на излечении.

Доверенность на получение представителем гражданина его вклада в банке, денежных средств с его банковского счета, адресованной ему корреспонденции в организациях связи, а также на совершение от имени гражданина иных сделок, указанных в абзаце первом настоящего пункта, может быть удостоверена соответствующими банком или организацией связи. Такая доверенность удостоверяется бесплатно.

5. Доверенность от имени юридического лица выдается за подписью его руководителя или иного лица, уполномоченного на это его учредительными документами, с приложением печати этой организации.

Доверенность от имени юридического лица, основанного на государственной или муниципальной собственности, на получение или выдачу денег и других имущественных ценностей должна быть подписана также главным (старшим) бухгалтером этой организации.

# TRAN**Z**LATIONS

*"We take the time to read between the lines"*

**CERTIFICATION OF ACCURACY:** *We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation, to the best of the translator's ability, from the original Russian language consisting of the following document below into the English language. TranZlations, Inc., also states that the translator Michael T. Ishenko (Certification #422400) is certified and proficient in Russian into English.*

The following items are included in this certification:

Article 182 and Article 185 of the Civil Code of the Russian Federation

Executed November 12, 2013

Jose M. Albuquerque, Jr.

State of NEW JERSEY, County of ~~Essex~~ Hudson.
Sworn to and subscribed before me on this 12 day of November, 2013 by
Jose M. Albuquerque, Jr.

Notary Public

My commission expires:

RENZO SOSA
Notary Public
State of New Jersey
My Commission Expires Apr 19, 2014

TRANZLATIONS INC. / 734 VALLEY ROAD / SUITE 104 / MONTCLAIR, NJ 07043
EM: all@tranzlations.net / PH: 973.740.1151 / www.tranzlations.net
TOLL FREE: 1.877.663.1258

Generated by CamScanner from intsig.com

EXHIBIT H

**CIVIL CODE OF THE RUSSIAN FEDERATION**

**Chapter 22. DISCHARGE OF OBLIGATIONS**

Article 316. The place of discharge of obligations

If the place of discharge is not defined by law or any other regulations or by contract or does not follow from normal business practices or the substance of the obligation, the obligation shall be discharged:

with respect to the obligation to transfer a parcel of land, a building, a structure, or any other real property, at the place where such property is located;

with respect to the obligation to transfer goods or any other assets which involves transportation, at the place where custody of the assets is transferred to the carrier for delivery to the creditor;

with respect to a business person's other obligations to transfer goods or any other assets, at the place of manufacture or storage of such assets, if such place was known to the creditor at the time when such obligation arose;

with respect to a monetary obligation, at the place of residence of the creditor at the time when such obligation arose or, if the creditor is a legal entity, at the place where it was located at the time when such obligation arose; if the creditor has changed his, her, or its place of residence or location and notified the debtor of such change by the time of the discharge of such obligation, at the creditor's new place of residence or location, with the costs related to the change of the place of discharge to be charged to the creditor's account;

with respect to any other obligations, at the place of residence of the debtor or, if the debtor is a legal entity, at such entity's location.

**Глава 22. ИСПОЛНЕНИЕ ОБЯЗАТЕЛЬСТВ**

Статья 316. Место исполнения обязательства

Если место исполнения не определено законом, иными правовыми актами или договором, не явствует из обычаев делового оборота или существа обязательства, исполнение должно быть произведено:

по обязательству передать земельный участок, здание, сооружение или другое недвижимое имущество - в месте нахождения имущества;

по обязательству передать товар или иное имущество, предусматривающему его перевозку, - в месте сдачи имущества первому перевозчику для доставки его кредитору;

по другим обязательствам предпринимателя передать товар или иное имущество - в месте изготовления или хранения имущества, если это место было известно кредитору в момент возникновения обязательства;

по денежному обязательству - в месте жительства кредитора в момент возникновения обязательства, а если кредитором является юридическое лицо - в месте его нахождения в момент возникновения обязательства; если кредитор к моменту исполнения обязательства изменил место жительства или место нахождения и известил об этом должника - в новом месте жительства или нахождения кредитора с отнесением на счет кредитора расходов, связанных с переменой места исполнения;

по всем другим обязательствам - в месте жительства должника, а если должником является юридическое лицо - в месте его нахождения.



*"We take the time to read between the lines"*

**CERTIFICATION OF ACCURACY:** *We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation, to the best of the translator's ability, from the original Russian language consisting of the following document below into the English language. TranZlations, Inc., also states that the translator Michael T. Ishenko (Certification #422400) is certified and proficient in Russian into English.*

*The following items are included in this certification:*

Article 316 of the Civil Code of the Russian Federation

**Executed November 12, 2013**

Jose M. Albuquerque, Jr.

State of **NEW JERSEY**, County of Essex.
Sworn to and subscribed before me on this **12 day of November, 2013** by **Jose M. Albuquerque, Jr.**

Notary Public

My commission expires: _07|19| 2016_

CHERYL E. MIHALIK
Notary Public   State of New Jersey
Commission # 2277244
My Comm. Expires July 19, 2016

TRANZLATIONS INC. / 734 VALLEY ROAD / SUITE 104 / MONTCLAIR, NJ 07043
EM: all@tranzlations.net / PH: 973.740.1151 / www.tranzlations.net
TOLL FREE: 1.877.663.1258

EXHIBIT I

[*ARBITRAZH* PROCEDURE CODE OF THE RUSSIAN FEDERATION of June 25, 2013]

### Article 27. Jurisdiction of *arbitrazh* courts over matters

1. *Arbitrazh* courts shall have jurisdiction over matters related to economic disputes and other matters related to business or any other economic activities.

2. *Arbitrazh* court shall resolve economic disputes and examine other matters involving organizations that are legal entities or citizens engaged in business activities without establishing a legal entity and having the status of an individual entrepreneur obtained in accordance with the procedures established by law (hereinafter referred to as "individual entrepreneurs") or, where required by this Code or any other federal laws, involving the Russian Federation, any political subdivision of the Russian Federation, municipalities, government authorities, local governments, other authorities, officers, entities having no legal entity status, or citizens having no individual entrepreneur status (hereinafter referred to as "organizations and citizens").

3. Other matters can also fall under the jurisdiction of *arbitrazh* courts according to law.

4. An application accepted by an *arbitrazh* court for initiating proceedings in compliance with the rules of jurisdiction shall be examined by the court on its merits even if a citizen having no individual entrepreneur status gets subsequently involved in the proceedings as a third party making no separate claims with respect to the matter at issue.

5. *Arbitrazh* courts shall examine matters that fall under their jurisdiction with participation of Russian organizations, citizens of the Russian Federation, and foreign organizations, international organizations, foreign citizens, stateless persons engaged in business activities, or organizations with foreign investments, unless otherwise provided for by an international treaty of the Russian Federation.



все
кодекс

АРБИТРАЖНЫЙ
ПРОЦЕССУАЛЬНЫЙ
КОДЕКС

РОССИЙСКОЙ
ФЕДЕРАЦИИ

Текст с изменениями и дополнениями
на 25 июня 2013 года



*"We take the time to read between the lines"*

**CERTIFICATION OF ACCURACY:** *We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation, to the best of the translator's ability, from the original Russian language consisting of:* **The following documents set forth below** *into the English language. TranZlations, Inc., also states that the translator Michael T. Ishenko (Certification #422400) is certified and proficient in Russian into English.*

### THE FOLLOWING ITEMS ARE INCLUDED IN THIS CERTIFICATION:

A.  RENOVA INDUSTRIES LTD. V. NY MOTORS CORP.- DECLARATION OF SVETLANA MALEYEVA – DATED SEPTEMBER 14, 2013

B.  CIVIL PROCEDURE CODE OF THE RUSSIAN FEDERATION OF APRIL 15, 2013
    - ✓ Article 22 Jurisdiction of courts over civil proceedings
    - ✓ Article 28. Filing a lawsuit at the defendant's place of residence or at the defendant's location
    - ✓ Article 402 – Application of judicial jurisdiction rules

C.  ARBITRAZH PROCEDURE CODE OF THE RUSSIAN FEDERATION OF JUNE 25, 2013
    - ✓ Article 27. Jurisdiction of Arbitrazh courts over matters
    - ✓ Article 28 Jurisdiction over economic disputes and other matters arising from civil relationship
    - ✓ Article 35. Bringing a lawsuit at the respondent's location of place of residence
    - ✓ Article 36 – Judicial Jurisdiction established at the election of the claimant
    - ✓ Article 247 – Competence of Arbitrazh courts in the Russian Federation over matters involving foreign persons.

D.  CIVIL CODE OF THE RUSSIAN FEDERATION
    - ✓ Article 15 – Compensation for losses
    - ✓ Article 309 General provisions
    - ✓ Article 310 Inadmissibility of unilateral nonperformance of obligations
    - ✓ Article 393.Debtor's duty to compensate for losses
    - ✓ Article 394 Losses and liquidated damages
    - ✓ Article 395 Liability for nonperformance of a pecuniary obligation
    - ✓ Article 1102 Duty to refund unjust enrichment assets
    - ✓ Article 1103 Correlation between the claims for refund of unjust enrichment assets and other claims for defense of civil rights
    - ✓ Article 1104 Refund of unjust enrichment assets in kind
    - ✓ Article 1105 Recovery of the cost of unjust enrichment
    - ✓ Article 1106 Effects of an unjust transfer of rights to another person
    - ✓ Article 1107 Recovery of lost income by the aggrieved party
    - ✓ Article 1108 Recovery of the costs of assets to be refunded
    - ✓ Article 1109 Nonrefundable unjust enrichment assets

JOSE M. ALBUQUERQUE JR.
NOTARY PUBLIC OF NEW JERSEY
I.D. # 2429200
My Commission Expires 1/24/2018

Executed on: September 27, 2013

State of NEW JERSEY, County of Essex.
Sworn to and subscribed before me on this 27th day of September, 2013 by
Jose M. Albuquerque, Jr.

_Meryl Kleinert_
Meryl Kleinert.

_Jose M. Albuquerque, Jr._
Jose M. Albuquerque, Jr.
Notary Public
My commission expires: _January 24, 2018_

TRANZLATIONS INC. / 105 EISENHOWER PARKWAY / ROSELAND, NJ 07068
EM: all@tranzlations.net / PH: 973.740.1151 / www.tranzlations.net
TOLL FREE: 1.877.663.1258

EXHIBIT J

*ARBITRAZH* PROCEDURE CODE OF THE RUSSIAN FEDERATION

## Chapter 4. COMPETENCE OF ARBITRAZH COURTS

§ 1. Jurisdiction

Article 33. Cases subject to special jurisdiction of *arbitrazh* courts

1. *Arbitrazh* courts shall try the following cases:
1) insolvency (bankruptcy);
2) disputes referred to in Article 225.1 of this Code;
3) disputes related to denial of state registration or evasion of state registration of legal entities or individual entrepreneurs;
4) disputes arising from depository operations related to recording the rights in shares or other securities and to exercising other rights and duties under federal law;
4.1) disputes arising from operations of state-run corporations and related to their legal status, management procedures, formation, reorganization, liquidation, organization and powers of their governing bodies, and responsibilities of the members of such governing bodies;
4.2) disputes related to protection of intellectual rights involving entities engaged in collective management of copyrights and any associated rights, and disputes falling under the jurisdiction of the Intellectual Rights Court in compliance with Article 34 (4) of this Code; (paragraph 4.2 introduced by Federal Law No. 422–FZ dated December 08, 2011)
5) protection of business reputation in the area of business or other economic activities;
6) other cases arising from business or other economic activities to the extent provided for by federal law.
2. The cases listed in Section 1 of this Article shall be tried by an *arbitrazh* court regardless of whether or not legal entities, individual entrepreneurs, or any other entities or individuals are involved in the legal relationships from which a dispute or a claim arises.

# АРБИТРАЖНЫЙ ПРОЦЕССУАЛЬНЫЙ КОДЕКС РОССИЙСКОЙ ФЕДЕРАЦИИ

## Глава 4. КОМПЕТЕНЦИЯ АРБИТРАЖНЫХ СУДОВ

### § 1. Подведомственность

Статья 33. Специальная подведомственность дел арбитражным судам

1. Арбитражные суды рассматривают дела:
1) о несостоятельности (банкротстве);
2) по спорам, указанным в статье 225.1 настоящего Кодекса;
3) по спорам об отказе в государственной регистрации, уклонении от государственной регистрации юридических лиц, индивидуальных предпринимателей;
4) по спорам, вытекающим из деятельности депозитариев, связанной с учетом прав на акции и иные ценные бумаги и с осуществлением предусмотренных федеральным законом иных прав и обязанностей;
4.1) по спорам, вытекающим из деятельности государственных корпораций и связанным с их правовым положением, порядком управления ими, их созданием, реорганизацией, ликвидацией, организацией и полномочиями их органов, ответственностью лиц, входящих в их органы;
4.2) по спорам о защите интеллектуальных прав с участием организаций, осуществляющих коллективное управление авторскими и смежными правами, а также по спорам, отнесенным к подсудности Суда по интеллектуальным правам в соответствии с частью 4 статьи 34 настоящего Кодекса;
(п. 4.2 введен Федеральным законом от 08.12.2011 N 422-ФЗ)
5) о защите деловой репутации в сфере предпринимательской и иной экономической деятельности;
6) другие дела, возникающие при осуществлении предпринимательской и иной экономической деятельности, в случаях, предусмотренных федеральным законом.
2. Указанные в части 1 настоящей статьи дела рассматриваются арбитражным судом независимо от того, являются ли участниками правоотношений, из которых возникли спор или требование, юридические лица, индивидуальные предприниматели или иные организации и граждане.



*"We take the time to read between the lines"*

**CERTIFICATION OF ACCURACY**:  *We, TranZlations, Inc., hereby certify under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct translation, to the best of the translator's ability, from the original Russian language consisting of the following document below into the English language. TranZlations, Inc., also states that the translator Michael T. Ishenko (Certification #422400) is certified and proficient in Russian into English.*

*The following items are included in this certification:*

Article 33 of the Arbitrazh Procedure Code of the Russian Federation

**Executed November 12, 2013**

Jose M. Albuquerque, Jr.

State of **NEW JERSEY**, County of Essex.
Sworn to and subscribed before me on this **12 day of November, 2013** by **Jose M. Albuquerque, Jr.**

Notary Public

My commission expires: 07|19|2016

CHERYL E. MIHALIK
Notary Public  State of New Jersey
Commission # 2277244
My Comm. Expires July 19, 2016

TRANZLATIONS INC. / 734 VALLEY ROAD / SUITE 104 / MONTCLAIR, NJ 07043
EM: all@tranzlations.net / PH: 973.740.1151 / www.tranzlations.net
TOLL FREE: 1.877.663.1258